## LEESMAN v MOSER

Ohio Appeals, 1st Dist, Hamilton Co

Decided Nov 25, 1935

Gallagher, Dorr & Manley, Cincinnati, for plaintiff in error.

August Rendigs, Jr., Cincinnati, for defendant in error.

## OPINION

By ROSS, PJ.

Error to the Common Pleas Court of Hamilton County, wherein judgment was rendered in favor of the defendant following an instructed verdict at the close of the evidence for the plaintiff, a minor, who sued by his next friend to recover damages for injuries received by such minor through the negligent operation of a truck by an employee of the defendant.

The evidence discloses that the defendant was engaged in certain excavation necessitating the use of a truck. On the day the injuries were received by the plaintiff the truck was parked on a public street, immediately in front of the lot in which the excavating was taking place. After another truck had been driven out of the lot the employee of defendant proceeded to back the truck upon which the plaintiff, a child of about six years of age, had been permitted to take a place upon the seat, into the lot. The ground was rough, the truck was caused to jolt, and the plaintiff fell off. A wheel ran over his foot, and he was severely injured.

In instructing a verdict, the court said:

"This is an action against the owner of the truck for alleged negligence on the part of the owner because of injuries received by the plaintiff, a boy who was six years of age at the time the injuries were received.

"It is a principle of law that a master or employer is liable for the acts of his servant or employee which are done within the apparent scope of that employee or servant's employment, and that the master is not liable for acts done by the servant or employee without the scope of the employee or servant's employment.

"Now the master—that is the owner of the truck, as far as the testimony in this case is concerned, had no knowledge of the fact that the driver of the truck was permitting this boy to ride upon the truck, and as far as the evidence is concerned did not authorize the driver of the truck to let any one ride upon the truck, either adults or children; but the driver took it upon himself to permit this boy to ride upon the truck, and it is the law that the owner or master is not responsible except where an injury results to another through a wanton or wilful act on the part of the owner or master when a person is invited or permitted to be a guest, or to have the privilege of riding in a vehicle belonging to the owner.

"The testimony further shows that the boy asked permission to ride upon the truck and was given permission by the driver and cautioned by the driver to remain in his seat, and that the boy disregarded that order on the part of the driver and voluntarily, without the knowledge of the driver, as far as the evidence has proceeded, looked around to the back of the truck, and that he slipped and fell without any active negligence on the part of the driver, and therefore the court feels that there is no evidence in this case of negligence on the part of the owner of the truck. If the boy has any right of action, it would be against the driver of the truck and not against the owner of the truck, and therefore the court is granting the motion made by the defendant that you bring in a verdict for the defendant in this case. The court so instructs you and you will sign this verdict."

We conclude—first—that there was at least some evidence of negligence on the part of the driver of the truck in backing the truck over the rough ground without taking proper precautions to see that so young a person as the plaintiff was properly secured.

The court evidently predicated its action upon the case of **Gas & Electric Co. v Crouch, 123 Oh St 81.** The second paragraph of the syllabus of that case is:

"Where the owner of an automobile entrusts the same to a servant in the course of the business of the owner, without authority to carry passengers, a guest of the servant riding in the automobile is neither an invitee nor a licensee of the owner, but on the contrary is a trespasser to whom no duty is owing by the owner, except not to wilfully injure him. (**Higbee Co. v Jackson, 101 Oh St 75, 128 NE 61, 14 A.L.R. 131,** propositions 1 and 2 of the syllabus overruled)."

The decision in the Crouch case, as in the case at bar, is predicated upon the premise that the plaintiff was a trespasser and, therefore, entitled to no relief against the owner defendant except for wilful injury on the part of the owner himself.

In the case of **DeGroodt, Exrx., etc. v**

Skrbina, Admr., 111 Oh St 108, the court at p. 113, quotes with approval a syllabus from Kelley v Parker-Washington Co., 170 Mo. App. 490, as follows:

" 'It is negligence for the owner to leave dangerous machinery on his premises in a condition likely to cause injury; and a contractor for grading a street who leaves a scraper in the street liable to inflict injury on children attracted thereby, is guilty of negligence and such children are not trespassers, since the contractor's possession of the street is not exclusive'."

This court recently in the case of **King**, **etc. v Cipriani, 23 Abs 257**, decided January 14, 1935, expressed itself in accord with this rule. The authorities therein noted are here applicable.

The Crouch case, supra, therefore has no application, since we find that as a matter of law the plaintiff, a minor of barely six years of age, cannot be a trespasser upon a vehicle occupying a part of a public street.

The judgment of the Common Pleas Court is reversed and the cause remanded for a new trial.

MATTHEWS and HAMILTON, JJ, concur.