## BENNING v SCHLEMMER

Ohio Appeals, 1st Dist, Hamilton Co

No 5263. Decided Dec 20, 1937

Floyd Anderson, Cincinnati, Spencer Ferguson, and James B. Benedict, Cincinnati, for appellant.

August A. Rendigs, Cincinnati, and Wm. H. Fry, Cincinnati, for appellee.

## OPINION

By ROSS, PJ.

Appeal on questions of law from the Court of Common Pleas of Hamilton County, Ohio.

The plaintiff was the father of a seven year old boy who died of injuries received when he was struck by a truck operated in the service of the defendant upon a public highway in Indiana at about 4:30 P. M., on the 7th day of February, 1935.

The plaintiff sues by virtue of a statute of Indiana permitting such an action.

The record discloses that the boy with a number of other children was being conveyed from school to his home in a vehicle described as an Oakland Sedan Taxicab. When the vehicle stopped in the vicinity of the boy's home, the child ran around the rear end of the vehicle directly into the path of a truck operated by an employee of defendant. The boy was severely injured and died a few days later.

The answer contains a general denial and a charge of sole negligence of the decedent, which this court has repeatedly held is not a real defense since the defendant cannot be required to prove it, and it is not a charge of contributory negligence, since no negligence on the part of the defendant is admitted. Such allegation of sole negligence may be ignored as containing nothing in addition to the defense of a general denial.

Motion for an instructed verdict was made by defendant at the close of all the evidence upon the ground that no negligence was shown on the part of the defendant, that the plaintiff's evidence raised a presumption of contributory negligence on the part of the decedent, and that the evidence showed that the death of decedent was due solely to his own negligence.

The court overruled this motion and the case was submitted to the jury, which returned a verdict for the plaintiff.

Motion for a new trial was made and not passed upon by the court.

Motion for judgment notwithstanding the verdict was granted and judgment rendered in favor of the defendant. Action upon the motion for a new trial was specifically reserved in the judgment entry.

It is the contention of the appellant that he is here in this court entitled to judgment on the verdict, and that this court may ignore the failure of the trial court to pass upon the motion for new trial.

The provisions of §12223-2, GC, in so far as this section makes the granting of a new trial a final order has been held by this court in **Fulton v Madlener** to be unconstitutional. (Decision 11-29-1937). **25 Abs 688.**

This court, it is true, by virtue of the same section is given power to reverse, affirm, and modify final orders of the trial court, with or without re-trial, and that such provision is merely procedural and not violative of the constitutional inhibition against jurisdictional increase or diminishment of the power of this court. This factor, however, is unavailing to enable this court to pass upon the motion for a new trial, action upon which was specifically reserved by the trial court.

We recognize the desirability of finality of adjudication of rights of parties to actions and we also recognize the value of early determination of such rights. These ends can only be accomplished by adherence to law, and when the law is defective this court may not usurp the function of the legislature, where such function has been expressed in positive enactment. If the recommendation of two of the members of this court had been adopted by the legislature, the difficulties now presented in the path of summary disposal of the proceeding at this stage would not be here. That recommendation was, that any motion for a new trial, if undisposed of for forty days, should be considered overruled, and the clerk should enter such order upon the journal of the court.

In the instant matter, the motion for a new trial remains undisposed of. §11599, GC, provides in part:

"When a motion for a new trial is filed, then such judgment shall be entered only when the court has sustained such verdict by overruling the motion. Upon such overruling it shall immediately be entered."

If this court having reversed the judgment entered for the defendant, notwithstanding the verdict, should proceed to enter judgment for the plaintiff upon the verdict, it could only do so after having in effect at least passed upon the motion for a new trial adversely to the claims of the defendant. To do this, it would be necessary for the court to pass upon the admission and rejection of evidence, the charge of the court, the procedure of the jury, and the weight of the evidence.

It seems obvious to us that this can not be done no matter how desirable such action may be.

The motion for judgment cannot be considered a waiver of the motion for new trial, especially as action ██ thereon was specifically reserved by the trial court.

In addition to all that has been said, the defendant has had no opportunity to present other errors which he may consider as important as that upon which he has first relied.

This court held that a child of tender years, lawfully upon the public highway cannot be found guilty of contributory negligence. See **King v Cipriani, 8 O.O. 1, and Leesman v Moser, 8 O.O. 4 (23 Abs 238).** No better rule than this could be found to justify our conclusion. The decedent in this case did exactly what a child of his age would naturally do under the circumstances. He jumped out of the vehicle, ran around the back of it, and, apparently with no thought for his safety, started to run across the highway. Any jury which should find that such action was not what might be expected from a reasonably prudent child of seven would merely indicate its complete ignorance of what children of such years would do. There is, therefore, no reason for submitting such a question to a jury.

What evidence then was introduced indicating negligence on the part of the defendant?

One witness "guessed" that the truck was moving at the rate of fifty or sixty miles per hour. He was some thousand feet away from the point where the child was struck and saw it about one hundred feet before it hit the boy. He heard the brakes "squeal" and said the driver "slowed up as much as he could"

The truck went into a ditch and turned over after hitting the decedent. Photographs show a number of road guard posts laid flat and the left side of the truck damaged both in fenders and cab.

The driver of the taxicab was unable to state how fast the truck was moving. He testified that the view from a point where the boy was struck up to the bend in the road from the direction from which the truck approached was approximately 4/10th of a mile. The truck was operated upon the right or proper side of the road.

A fellow passenger with the decedent in the taxicab, a fourteen year old boy, said his attention was first attracted when he got out of the taxi and saw "Clayton (the decedent) flying through the air. That was after the truck hit him." This witness stated again:—"Clayton was flying through the air after the truck hit him and he went down the road further." To a question: "How high was he in the air?" The witness stated: "I imagine he was about as high as the cab of the truck." And, again, the witness stated in answer to a question "where did Clayton Benning land after you saw him in the air?" "Down the road toward Aurora about 25 feet, 25 or 30 feet." The truck he said broke off a telephone pole which it hit in going off the road.

The taxi driver was recalled and stated that the boy's body lay some fifty feet in the rear of the taxicab, when he first saw him after getting out of his taxi.

Another witness testified the boy lay some thirty feet in the rear of the taxicab, and that the truck broke off a telephone pole. He also stated that skid marks made by the truck were measured, one set was 90 to 95 feet long, and the other set 95 to 100 feet long.

A fifteen year old girl, a fellow passenger of the decedent in the taxicab, said that when she came out of the taxicab she saw decedent flying through the air, that he struck about thirty feet behind the taxi, and that the truck was just knocking over a telephone pole.

Our conclusion is, that the court was in error in granting the motion for judgment notwithstanding the verdict and that the case must be remanded to the Court of Common Pleas for action upon the motion for a new trial.

HAMILTON and MATTHEWS, JJ, concur.