## NOBLE v DIECKBRADER

Ohio Common Pleas, Hamilton Co

Decided Feb 25, 1938

Harry A. Abram, Cincinnati, Ralph B. Kohnen, Cincinnati, and Dolle, O'Donnell & Cash, Cincinnati, for plaintiff.

August A. Rendigs, Jr., Cincinnati, and Wm. H. Fry, Cincinnati, for defendaht.

## OPINION

By SCHNEIDER, J.

A motion for new trial filed herein is predicated upon a number of grounds, all of which are dismissed from consideration except the one directed to the claim of error by reason of the court's refusal to charge the jury on the issue of contributory negligence.

The plaintiff was a child five and one-half years of age at the time the injuries were sustained, which are the basis of the action. Defendant was operating a motor truck in a southeasterly direction on Marburg Avenue in Cincinnati, at about noon, at a point where Marburg Avenue is intersected by Cardiff Avenue. Cardiff Avenue approaches Marburg Avenue from the west and dead ends at Marburg Avenue. A large vacant lot is located on Marburg Avenue opposite the intersection of Cardiff Avenue. The testimony shows that this lot is freely used by children as a playground. A path running through this lot is used by children going to and from school. The testimony shows that this was known to the driver of the truck who frequently drove past this intersection. The testimony shows further that the driver saw the plaintiff child on the occasion of the accident on the sidewalk alongside this vacant lot while he was approaching the scene of the accident; that the child was then with another child; that the second child ran out from the sidewalk between two automobiles, which among others, were parked along the curb of Marburg Avenue in front of this vacant lot. The exact manner of collision between the plaintiff and the truck is in dispute.

Defendant pleaded contributory negligence on the part of the plaintiff. Before argument a special charge was requested by defendant on the subject of contributory negligence and at the conclusion of the general charge of the court counsel for defendant specially requested the court to charge on that issue. These requests were refused and the jury was instructed in the general charge to disregard the issue of contributory negligence raised in the answer.

We are confronted with the question: "Is a child of five and one-half years of age chargeable as a matter of law with contributory negligence?" So far as the court has been able to find, this question has never been definitely answered by the courts of Ohio.

Negligence is the failure to exercise ordinary care. What is care? One dictionary defines care as meaning "uneasiness of mind;" "attention;" "watchfulness;" "heed." This same dictionary gives as synonymous "solicitude;" "caution;" "forethought;" "prudence." "Heed" is defined as "attentive watchfulness directed to the prevention of trouble." And again ,"caution takes steps to avert what it fears."

Whatever definition is accepted, it must be admitted that the use of care involves the use of mental faculties and the exercise of judgment. Judgment and discretion are developed from experience.

While a child of five and one-half years is motivated by instinct, is capable of memorizing, and of experiencing fear, who would urge that such a child could exercise judgment? Who would, in any kind or sort of transaction, trust himself to the judgment of such a child?

According to 20 R.C.L., paragraph 106:

"It is generally held that as a matter of law, a child under the age of seven years cannot be chargeable with contributory negligence."

So far as the law of Ohio is concerned, there are a number of decisions which this court feels support the action in the present case.

In the case of Benning v Schlemmer, No. 5263, decided by the Court of Appeals of this district on December 20, 1937, (26 Abs —), some days after the instant case was

concluded in this court, Judge Ross took occasion to point out that the child there involved, jumped out of a vehicle and ran around the back of it, and apparently having no thought for his safety, started to run across the highway. The court then says:

"Any jury which should find that such action was not what might be expected from a reasonably prudent child of seven, would merely indicate its complete ignorance of what a child of such years would do. **There is, therefore, no reason for submitting such a question to a jury.**"

In this opinion the court refers to previous decisions along the same line by the same court.

The action of the court is further supported by the case of **B. & I. R. R. Co. v Snyder, 18 Oh St 400.** Although the point directly involved in that case was the question of whether negligence of a parent may be imputed to the child, Judge Welch, in the opinion, took occasion to quote the following language in a Pennsylvania case:

"It is a hard rule that would hold a child of five years of age to the same measure of care and diligence which is required of adults."

He also quotes from the opinion of the court in another Pennsylvania case as follows:

"To a child of such years no contributory negligence can be imputed."

These several quotations are cited with approval by Judge Welch.

It has been suggested that the rule followed in the present case would have the practical effect of making the driver of a motor vehicle the insurer of all children against injuries resulting from automobile accidents of this kind. This suggestion is hardly tenable. The court in the present case was careful in its charge to the jury that no recovery could be had by the plaintiff unless the evidence first proved negligence on the part of the defendant driver and that such negligence proximately caused the injuries. The court was also careful to charge that the defendant could not be responsible for what was purely accidental and gave to the jury a definition of accident.

It is difficult for the court to see how, under this charge, the jury could have been misled and the only reasonable conclusion is that the jury found as a matter of fact in the present case that the defendant driver was negligent and that his negligence proximately caused the injury. This it seems to the court, was solely a question to be determined by the jury.

The motion for new trial is overruled.