## CANTONZARITE v OHLAN

Ohio Appeals, 7th Dist, Mahoning Co

No 2497. Decided Oct 21, 1938

P. J. Mellillo, Youngstown, for plaintiff-appellant.

William E. Pfau, Youngstown, for defendant-appellee.

## OPINION

By BENNETT, J.

The plaintiff, then a boy of five years of age, was struck by a truck of the defendant as he was running across Wood Street, Lowellville, Ohio, on May 27, 1936, and brought this action by his next friend to recover damages for the injuries suffered. The jury returned a verdict for the defendant on which judgment was duly entered.

On appeal to this court on questions of law the appellant relies only on claimed errors in the charge of the court and in

the refusal of the court to give certain charges before argument.

In the general charge the court at the end of an extended discussion of the various specifications of negligence and of the driver's conduct in general, the court said,

"That is for you to determine in this case whether or not the child did come out under such circumstances as claimed by the driver of the defendant's truck. If he had no opportunity and could not under any reasonable circumstances have avoided striking the child it is what in law we call an accident, but I am leaving it to you to say whether there was such a situation as we might describe as an accident."

The appellant contends that the defendant did not "plead as his defense an accident" and that the court could not charge on the subject unless it was pleaded in the answer. We believe that this abstract statement is not correct, if the defendant had pleaded that the injuries were not caused by the defendant's negligence but by unavoidable accident, he would not have been pleading a new defense. He would have simply been adding to the defense of a denial of his own negligence, some immaterial and unnecessary assertions as to how it did happen. In fact in the answer in this case the defendant did add the surplusage of an assertion that the injuries were caused by the sole negligence of the plaintiff in suddenly running out in front of the truck. It may be unnecessary but is not prejudicial error to explain to the jury the alternative possibility of an unavoidable accident, instead of negligent conduct of the driver. But in any event the only defense is the denial by the defendant of negligence on his own part.

The court was asked by the plaintiff to give the following charges before argument, separately and not as a series:

"No. 1. The court says to you that if you find from a preponderance of all the evidence that Dominic Cantonzarite, Jr., was five (5) years of age at the time of the accident, then I say to you as a matter of law that he cannot be guilty of negligence, and yet I say to you that you are the judges of that fact, bearing in mind that a child of that age is only required to exercise that care, diligence and prudence which children of the same age, education and experience would use and exercise under the same circumstances.

"No. 2. The court says to you as a matter of law that Dominic Cantonzarite, Jr., because of his tender years is not chargeable with the same standard of care and caution as would be expected of a person of mature years. The degree of care and caution which said Dominic Cantonzarite, Jr., was required to exercise was that degree of care and caution which should ordinarily be exercised under similar circumstances by a child of the same age, education and experience, not by any child of the same age but by a child of the same age, education and experience of ordinary care and prudence for said age, education and experience."

"No. 3. The court says to you in connection with contributory negligence, and particularly that degree of care which infants or children are obliged to use, the court calls your attention to the following instruction:

"In the application of the doctrine of contributory negligence to children in actions by them or in their behalf for injuries occasioned by the negligence of others, their conduct should not be judged by the same rule which governs that of adults; and while it is their duty to exercise ordinary care to avoid the injuries of which they complain, ordinary care for them is that degree of care which children of the same age, education, experience and prudence are accustomed to exercise under similar circumstances."

He gave the second and refused the first and third.

We do not believe this refusal was error. The first obviously contained inconsistent matter which we will mention in connection with the general charge. And, as contended by counsel for the appellee, the third was substantially the same as the second and it can not be prejudicial error to refuse to give a request twice.

The court in his general charge said:

"He is a child of tender years and before argument of counsel I gave you an instruction in which it undertakes to describe the measure of care that this plaintiff was required to exercise under the circumstances. The mere fact that he is a child of five or six years of age does not necessarily excuse him from exercising some care under the circumstances, and did he thoughtlessly and heedlessly rush out without any

warning or any notice to the defendant's driver and did he come right into the pathway of this truck as claimed by the defendant's driver? That is a question for you and if he did do such things, is his conduct negligence? Did he act like a prudent and sagacious child would act under the same or similar circumstances, taking into consideration the age of the child, his education, his experience and knowledge of danger such as children are usually taught under the ordinary and usual circumstances? That is the question for this jury under all the facts of this case. If the only negligence in this case is that of the plaintiff's child, of course the defendant can't be chargeable with the fault or wrong of another person. If the child is guilty of negligence the defendant cannot be charged with the injury this child sustained, providing it is found by this jury that the child was negligent and that such negligence was a proximate cause of the injuries sustained by the child."

Counsel for the appellant claims that the second sentence and the last sentence of this quoted matter is erroneous and prejudicial. He contends that as a matter of law a five year old boy cannot be guilty of negligence, citing,

**DeGroedt v Shrbina, 111 Oh St 113.**

**Noble v Dreckbrader, 10 O.O. 432.**

**King v Capriani, 23 Abs 257.**

**Leesman v Moser, 23 Abs 238.**

Counsel for the defendant say that these cases are all distinguishable on their facts from conduct involving running across a traveled street and say that the correct rule, even as to five year olds, is that set forth in the second request as given and in the portion of the general charge copied above.

**Scherer v Wood, 19 Oh Ap 381,** and cases therein cited.

**Cincinnati Traction Company v Moeller, 17 O. Dec. 22.**

5 Amer. Juris., p. 1000.

93 Ut. 132, 139; 106 Atl. 682.

107 A.L.R. 5.

We do not find it necessary in this case to decide the point because we feel that, if it were error to have so charged, it was invited by the plaintiff. The general charge is substantially the same as the plaintiff's second request and the plaintiff cannot now complain that the court charged as requested by him. The question of which of these rules apply to the case of a five year old was obviously a close one, and having elect-

ed to go to the jury on the rule embodied in his second request, the plaintiff cannot now rely on the charge of the same subject matter as error, whether right or wrong.

**Woodward v Gray, 46 Oh Ap 177, Syl. 8.**

**State v Killer, 93 Oh St 89.**

**O. J. Appeal & Error, §593.**

Amer. Juris., Appeal & Error, §876, §880.

NICHOLS, PJ, and CARTER, J, concur in the judgment.