COUSINO, APPELLANT, *v.* HUSS, APPELLEE.

(No. 3860—Decided January 12, 1942.)

*Mr. J. W. Starritt,* for appellant.
*Messrs. Rowe, Williams & Dillon* and *Mr. B. Bernard Wolson,* for appellee.

OVERMYER, J.  Wilma Cousino filed an action in Common Pleas Court against Norris Huss as an individual and as owner of the Pearson Park Riding Academy of Toledo, Ohio, seeking recovery of damages for injuries sustained by her as a result, she alleges, of being thrown from a horse while being ridden

by her and hired from the defendant's servants on July 21, 1940, at the riding academy.

Upon issues joined, a trial was had before a jury, resulting in a verdict for plaintiff. Defendant filed, in due course, a motion for judgment notwithstanding the verdict and a motion for a new trial. The trial court, upon consideration, granted the motion for judgment nothwithstanding the verdict and ordered "that the defendant go hence without day and that he have and recover from the plaintiff his costs * * *." No disposition of the motion for new trial has been made.

From the order made as above stated, the plaintiff appeals, assigning as errors the action of the court in sustaining defendant's motion for judgment in his favor, and in doing so without disposing also of defendant's motion for a new trial.

In the latter point made by the plaintiff, we think there is no merit. The order made by the court is a final order in the case, "affecting a substantial right in an action" and "in effect it determines the action" and "prevents a judgment" for the plaintiff by this court as a result of the trial had, even though the order entered below be reversed. See Section 12223-2, General Code; *Benning* v. *Schlemmer*, 57 Ohio App., 457, 14 N. E. (2d), 941; *Townley, Admr.*, v. *A. C. Miller Co.*, 139 Ohio St., 153, at 168, 38 N. E. (2d), 578, 139 A. L. R., 332.

Was the trial court in error in sustaining the motion of defendant for judgment notwithstanding the verdict for plaintiff, an order having the same legal effect as a directed verdict for defendant?

From the record we find a conflict of evidence on the facts raising the question of whether or not, under all the facts and circumstances shown, the defendant exercised in this instance that degree of care which the

law requires of a bailor of a riding horse for hire. At the close of the evidence there was evidence to sustain plaintiff's claim and a jury question was presented, precluding the direction of a verdict and, therefore, equally precluding the entering of a judgment for defendant in spite of a contrary verdict.

We refer to the evidence tendered by a witness offered as an expert on the subject, to the effect that a horse as young as the horse here involved can not be considered as a safely broken horse under nearly a year of training and the unpredictable nature of a colt two and a half years old, which the defendant knew. We refer also to the evidence which tends to show that plaintiff was an inexperienced rider and that this information was brought to the attention of the bailor's servant. For example, plaintiff testified: "I asked for gentle, quiet horses, because we hadn't ridden before"; and, "I told him that we were new riders and I asked for a groom * * *," and similar testimony.

While plaintiff's petition reads like a petition in tort, she insists upon and tried her case as one upon at least an implied warranty, a bailment; not, of course, of some chattel like a wheelbarrow or an automobile or other machine which might be examined by the bailee for faulty parts, but an animal, a horse, and a very young horse at that.

The rule of law to be applied to the defendant in the conduct of his business is stated in an extensive note in 12 A. L. R., 774, to which reference is made by the Ohio Supreme Court in *Troop A Riding Academy* v. *Miller,* 127 Ohio St., 545, 189 N. E., 647, a tort case where plaintiff fell from a saddle horse. The rule is, as there announced, that:

" 'Livery-stable keepers who let animals for hire are bound only to exercise ordinary care and diligence

in providing an animal suitable for the purpose for which it is hired.' "

The weight of the evidence on the question whether defendant-bailor complied with the rule is not now before this court but has been reserved by the trial court to be considered upon the disposition of the motion for new trial. All that is before us, and which we decide, is that the court erred in sustaining the defendant's motion for judgment notwithstanding the verdict, and that the order will be reversed and the cause remanded for further proceedings.

*Judgment reversed and cause remanded.*

LLOYD and CARPENTER, JJ., concur.