MASON, Appellant,

v.

KOMLO et al., Appellees.

[Cite as *Mason v. Komlo* (1993), 86 Ohio App.3d 577.]

Court of Appeals of Ohio,
Portage County.

No. 92–P–0047.

Decided March 1, 1993.

---

*Ross F. Sprague,* for appellant.

*William L. Hawley,* for appellees.

NADER, Judge.

This appeal has been placed upon the court's accelerated calendar and has been submitted to the court upon briefs of counsel.

Appellant, Penny S. Mason, appeals from a directed verdict in her suit for damages resulting from a personal injury incurred while riding a horse named "Jack." The accident occurred on July 31, 1988, when "Jack" bolted towards the barn, actually running inside the barn, skidding and slipping, and then abruptly stopping. Appellant was thrown over the horse's shoulder, hit a wall, and suffered severe injuries to her face and arm.

Appellees, Edward and William Komlo, own and operate Aurora Stables, a stable where persons board their horses. Appellant met appellee Edward Komlo in July 1988, and expressed her interest in riding and learning more about horses. Edward Komlo invited appellant to come to the stables, and subsequently testified at trial, that he offered appellant an opportunity to manage the stables after hearing appellant describe her work history. (Allegedly appellant had stated that she worked at several stables in the past and previously managed another stable.)

Appellant rode almost daily during the time period between July 19, 1988 and July 31, 1988. She rode an older pleasure horse named "Frosty," then appellant rode "Son of Sunset," with appellee Edward Komlo "ponying" the horse. ("Ponying" is the act of leading the horse with another gentler horse as a means of calming and controlling the horse being led). Appellant first rode "Jack" two weeks before the accident, with "Jack" being "ponied" by Barbara Keener. Barbara Keener took appellant to the "back track," an open area behind the barn with a pond and a sand track. Appellant then rode "Jack" in the back paddock, a one-acre fenced-in field. The third time appellant rode "Jack," she rode in the back paddock, and then she rode "Jack" several times in a four-acre fenced-in area. On July 31, 1988, appellant asked to ride "Jack." It was suggested that she ride in the back paddock, but appellant asked to take "Jack" to the "back track." The sequence of events were then related to the court by appellant as follows:

"When I left the track, I was walking—we were going to come back down the road; we were going to skirt the field, and I was going to walk him, and he wanted to go a little bit faster, and I didn't want to, and I turned him around a little bit, and I let him trot, and he broke the trot and went into a canter, and I stopped him, and he kept on pulling at me, and it was getting more difficult, and I got off and I walked him around, and he acted like he wasn't interested in going back anymore. He wanted to eat and just follow me around.

"So I got back on and as I was getting back on him, I had my left foot in the stirrup, getting myself up to go over and sit down, and he bolted. I wasn't even on him yet, and he took off. And I was getting my other foot in, trying to hang on to him, stop him, to turn him either way I could—he was heading right for the pond, when he swung off to the left and was running toward the barn * * *."

Jack did not stop until he was well inside the barn, and, when he finally stopped, appellant was thrown over his shoulder and severely injured.

On November 16, 1989, appellant brought suit against Edward and William Komlo, d.b.a. Aurora Stables, alleging that appellee Edward Komlo breached his duty to "warn [appellant] that Jack had dangerous propensities and to prevent [her] from riding Jack," and his duty "of assuring that the riding equipment was properly put on Jack."

Appellees filed a motion for summary judgment, and the trial court awarded a partial summary judgment in favor of appellees on the issue of the proper placement of the equipment. The matter proceeded to a jury trial on the remaining issues. At the close of appellant's case in chief, the trial court directed the verdict in appellees' favor.

*White v. Ohio Dept. of Transp.* (1990), 56 Ohio St.3d 39, 45, 564 N.E.2d 462, 468, states:

"Civ.R. 50(A)(4) provides that a court should direct a verdict when, 'after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that is adverse to such party * * *.' Conversely, if reasonable minds could come to more than one conclusion on the evidence presented, the court should permit the issue to go to the jury. *O'Day v. Webb* (1972), 29 Ohio St.2d 215, 58 O.O.2d 424, 280 N.E.2d 896."

For appellant to recover against appellees, she must demonstrate that appellees or their agents knew "of some trait, condition or propensity from which a probability of the horse's [actions] might reasonably be inferred." *Troop A Riding Academy v. Miller* (1934), 127 Ohio St. 545, 189 N.E. 647, paragraph two of the syllabus; see, also, *Clifton v. Holiday* (1949), 85 Ohio App. 229, 40 O.O. 162, 88 N.E.2d 304.[1] A review of the record reveals no evidence of any trait,

---

1. Appellant contends that the instant matter does not involve a horse for hire. However, it can be said that appellant was working, "helping out," in exchange for riding privileges. Further, if this is not a horse for hire, then appellant must prove an intentional or reckless act. *Lamendola v. Beatty* (Mar. 29, 1991), Portage App. No. 90–P–2159, unreported, 1991 WL 45625, citing *Marchetti v. Kalish* (1990), 53 Ohio St.3d 95, 559 N.E.2d 699; and *Thompson v. McNeil* (1990), 53 Ohio St.3d 102, 559 N.E.2d 705.

condition, or propensity peculiar to "Jack," which would have subjected appellant to an increased risk of harm.

*Cousino v. Huss* (1942), 71 Ohio App. 107, 109, 25 O.O. 442, 47 N.E.2d 919, has held that a bailor of a horse for hire may be held liable in negligence when a young unbroken horse is provided to an inexperienced rider. Here, however, there was evidence presented upon cross-examination that the horse had to be at least eight years old, based upon its gentleness. Further, appellant had considerable experience riding horses.

The trial court properly directed the verdict in favor of appellees as appellant failed to present any evidence showing a duty on appellees' part to warn appellant; hence, no negligence for failing to do so. Appellant's argument, that the issue of comparative negligence should have been submitted to the jury, is lacking as no negligence exists on the part of appellees with which to be compared. As such, appellant's sole assignment of error is without merit. The decision of the trial court is hereby affirmed.

*Judgment affirmed.*

FORD, P.J., concurs.

CHRISTLEY, J., concurs in judgment only.