414

GLINER ET AL., APPELLANTS, *v.* SAINT-GOBAIN NORTON
INDUSTRIAL CERAMICS CORPORATION, APPELLEE.

[Cite as *Gliner v. Saint–Gobain Norton Indus.
Ceramics Corp.* (2000), 89 Ohio St.3d 414.]

(No. 99–1444—Submitted May 23, 2000—Decided August 9, 2000.)

*Sindell, Young, Guidubaldi & Sucher* and *Steven A. Sindell,* for appellants.

*Spieth, Bell, McCurdy & Newell Co., L.P.A.,* and *Dianne Foley Hearey,* for appellee.

*Stewart Jaffy & Assoc. Co., L.P.A., Stewart R. Jaffy* and *Marc J. Jaffy,* urging reversal for *amicus curiae* Ohio AFL–CIO.

*Louis A. Jacobs; Spater, Gittes, Schulte & Kolman* and *Frederick M. Gittes,* urging reversal for *amici curiae* Ohio Employment Lawyers Association, Ohio Academy of Trial Lawyers, National Employees Rights Institute, and Ohio NOW Education & Legal Fund.

*Cathleen M. Bolek,* urging reversal for *amici curiae* Feminist Majority Foundation, Wider Opportunities for Women, Women Employed, and 9 to 5 National Association of Working Women.

*Betty D. Montgomery,* Attorney General, *Edward B. Foley,* State Solicitor, *Stephanie Bostos Demers* and *Matthew D. Miko,* Assistant Attorneys General, urging reversal for amicus curiae Ohio Civil Rights Commission.

---

**Pfeifer, J.**  Civ.R. 50(A)(4) provides that when a party moves for a directed verdict and "the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue."  In this case, the trial court denied St. Gobain's motion for a directed verdict.

The court of appeals, after a *de novo* review of the evidence, determined that reasonable minds could come to but one conclusion and found that the trial court erred by not granting a directed verdict for St. Gobain.  We disagree as a matter of law.

There is unquestionably significant evidence in the voluminous record before us that tends to show that Saint–Gobain did not act in a discriminatory manner.  However, there is also ample evidence to enable reasonable minds to find for the appellants.  Whether we would have found for appellants or for Saint–Gobain is immaterial;  it is sufficient that there is adequate evidence for reasonable minds to find for either.  *O'Day v. Webb* (1972), 29 Ohio St.2d 215, 58 O.O.2d 424, 280 N.E.2d 896, paragraph four of the syllabus;  see *Pangle v. Joyce* (1996), 76 Ohio St.3d 389, 391, 667 N.E.2d 1202, 1203.  Accordingly, the trial court ruled correctly and the court of appeals erred in reversing the trial court's denial of a

motion for directed verdict. We reverse the judgment of the court of appeals and reinstate the jury verdicts.

*Judgment reversed*
*and jury verdicts reinstated.*

RESNICK and F.E. SWEENEY, JJ., concur.

DOUGLAS, J., concurs in judgment.

MOYER, C.J., COOK and LUNDBERG STRATTON, JJ., dissent.

---

**COOK, J., dissenting.** The majority decides that "there is * * * ample evidence to enable reasonable minds to find for the appellants." But other than reciting the standard for directed verdicts from our *O'Day*[1] syllabus, the majority simply concludes, without elaboration, that the court of appeals erred when it deemed the evidence legally *insufficient* to permit appellants' gender discrimination claims to reach the jury.

The majority discounts the thorough legal analysis by the court of appeals without any contrary analysis. In effect, the majority says here that a directed verdict may be granted against a party only if that party fails to present any evidence. To say this is to improperly insulate cases from review for legal sufficiency under Civ.R. 50. See *Reeves v. Sanderson Plumbing Products, Inc.* (2000), 530 U.S. ——, 120 S.Ct. 2097, 147 L.Ed.2d 105.

The appellate panel found that the complexity of this case called for a ninety-seven-page opinion. In a very recent decision on the same general issue, the United States Supreme Court required fifteen pages to analyze the problem of applying Fed.R.Civ.P. 50 to discrimination cases that employ *McDonnell Douglas's*[2] burden-shifting analysis. *Reeves, supra.*

Ohio follows federal jurisprudence in the area of discrimination law. *Little Forest Med. Ctr. of Akron v. Ohio Civ. Rights Comm.* (1991), 61 Ohio St.3d 607, 609–610, 575 N.E.2d 1164, 1167. See, also, *Plumbers & Steamfitters Joint Apprenticeship Commt. v. Ohio Civ. Rights Comm.* (1981), 66 Ohio St.2d 192, 196, 20 O.O.3d 200, 202–203, 421 N.E.2d 128, 131. In *Reeves, supra,* the United States Supreme Court established parameters for federal appellate courts reviewing the application of Civ.R. 50 to *McDonnell Douglas* cases, and emphasized its determination *not* to "insulate an entire category of employment discrimination

---

1. *O'Day v. Webb* (1972), 29 Ohio St.2d 215, 58 O.O.2d 424, 280 N.E.2d 896.

2. *McDonnell Douglas Corp. v. Green* (1973), 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668.

cases from review under Rule 50." *Reeves, supra,* 530 U.S. at ——, 120 S.Ct. at 2109, 147 L.Ed.2d at 120. This case deserves appropriate legal review under the recently announced *Reeves* standards.

Given that the majority fails to counter the appellate court's legal analysis, I am unable to join the judgment to reverse.

MOYER, C.J., and LUNDBERG STRATTON, J., concur in the foregoing dissenting opinion.