**JTD HEALTH SYSTEMS, INC. et al., Appellees,**

v.

**PRICEWATERHOUSE COOPERS, LLP, Appellant.**

[Cite as *JTD Health Sys., Inc. v. Pricewaterhouse Coopers, LLP* (2001), 141 Ohio App.3d 280.]

Court of Appeals of Ohio,
Third District, Auglaize County.

No. 2–2000–21.

Decided Feb. 2, 2001.

282

*Gerald J. Todaro Co., L.P.A.,* and *Gerald J. Todaro,* for appellees.

*Vorys, Sater, Seymour & Pease LLP, Philip A. Brown* and *Joseph R. Miller,* for appellant.

THOMAS F. BRYANT, Judge.

Defendant-appellant Pricewaterhouse Coopers, LLP ("Coopers"), brings this appeal from the judgment of the Court of Common Pleas of Auglaize County denying its motions for a directed verdict, a judgment notwithstanding the verdict, and a new trial.

Coopers was hired by plaintiff-appellee JTD Health Systems, Inc. ("JTD") to perform an audit of the financial statements for 1995. Coopers had been performing these audits for approximately twenty years. In 1995, JTD hired Tammy Heiby as accounting coordinator. Heiby was overwhelmed by the position and failed to make payroll tax deposits. She then hid these failures by falsifying journal entries. In December 1995, Heiby wrote three checks totaling $1.7 million to Society Bank from the cash account. These three checks were

manually written out of sequence and appeared on the 1995 outstanding check review summary prepared by Coopers.[1]

During Coopers's audit, Coopers was unable to reconcile the cash account or explain the approximately $30,000 surplus funds in the account.[2] Coopers reported to JTD that the surplus was due to changes in Medicaid/Medicare direct deposit procedures. Coopers determined that no investigation was needed because the cash account was reconciled to within "an immaterial difference."

In 1996, Heiby continued to miss tax payments. On November 15, 1996, JTD received a call from the IRS concerning the missed payments for 1995. This amount totaled $645,000 once interest and penalties were added. On November 22, 1996, JTD requested a complete transcript of all 1996 payments from the IRS. The IRS complied with this request on January 6, 1997, and advised JTD that payments had been missed in 1996. The IRS waived penalties and interest for the 1995 taxes, but declined to do so for the 1996 taxes. JTD did not request that Coopers investigate the payment of the taxes for either 1995 or 1996.

On January 19, 1999, JTD filed a complaint against Coopers alleging professional negligence for failure to discover the lack of tax payments made. On April 17, 2000, the case went to trial. On April 20, 2000, the jury returned a verdict in favor of JTD with damages set at $389,333. The jury then found that JTD was thirty-eight percent comparatively negligent, thus reducing the damages to $241,861. On May 9, 2000, Coopers filed a motion for a judgment notwithstanding the verdict or a new trial. The trial court denied these motions on May 10, 2000.

Coopers raises the following assignments of error:

"The trial court erred to the prejudice of defendant in overruling its motion for a directed verdict because:

"Plaintiffs provided no probative evidence concerning the existence and breach of professional duty.

"The comparative negligence of plaintiffs is at least 51% as a matter of law since plaintiffs breached a non-delegable statutory duty to remit withholding and employment taxes and file required tax forms.

"The alleged breach of duty was not material.

"The trial court erred to the prejudice of defendant in overruling its May 9, 2000 motion for judgment notwithstanding the verdict because:

---

1. Coopers never questioned the checks.

2. Later, it was learned that Heiby had underestimated the payments due for payroll taxes by this amount.

"Plaintiffs provided no probative evidence concerning the existence and breach of professional duty.

"The comparative negligence of plaintiffs is at least 51% as a matter of law since plaintiffs breached a non-delegable statutory duty to remit withheld taxes.

"The trial court erred to the prejudice of defendant in overruling its May 9, 2000 alternative motion for a new trial because:

"The jury findings of liability and comparative fault were not supported by the weight of the evidence.

"The jury findings of liability and damages with respect to calendar year 1996 were not supported by the weight of the evidence.

"The trial court erred to the prejudice of defendant by refusing to exclude prejudicial evidence concerning liability and damages.

"The trial court erred to the prejudice of defendant by erroneously instructing the jury concerning the comparative fault of plaintiffs."

In the first assignment of error, Coopers claims that the trial court erred by denying its motion for a directed verdict.

"When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue." Civ.R. 50(A)(4).

When there is sufficient evidence for reasonable minds to find for either party, the motion for a directed verdict should be denied. *Gliner v. Saint–Gobain Norton Indus. Ceramics Corp.* (2000), 89 Ohio St.3d 414, 732 N.E.2d 389.

In this case, Coopers argues that the motion for directed verdict should have been granted because there was no evidence presented that Coopers breached any duty to JTD. Coopers claims that the testimony of JTD's expert witness, Dick Clark, was insufficient because Clark was not qualified to offer an opinion. However, Clark testified that he is a licensed CPA and a former auditor for the IRS. Coopers cross-examined Clark as to his qualifications, but did not object to his testimony at any time. Clark testified that Coopers had departed from generally accepted auditing standards by failing to properly supervise its inexperienced employee, failing to review JTD's internal controls over cash, failing to investigate an unusual transaction, and failing to reconcile the cash account. Based upon this evidence, the trial court did not err in determining that a reasonable person could find that Coopers had breached its professional duty to JTD.

■ Coopers also argues that the trial court should have directed a verdict in its favor because JTD was negligent *per se* by failing to pay employment taxes.

■ "Typically, a duty * * * may be established by common law, legislative enactment, or by the particular facts and circumstances of the case* * * Where a legislative enactment imposes a specific duty for the safety of others, failure to perform that duty is negligence *per se* * * * Application of negligence *per se* in a tort action means that the plaintiff has conclusively established that the defendant breached the duty that he or she owed to the plaintiff. It is not a finding of liability *per se* because the plaintiff will also have to prove proximate cause and damages." *Chambers v. St. Mary's School* (1998), 82 Ohio St.3d 563, 565, 697 N.E.2d 198, 201.

Coopers claims that because the statute sets all responsibility for payment of employment taxes on the employer, it cannot be responsible for the failure to do so. While this statement is true, it does not address the fact that this is a professional malpractice case, not one for indemnification of the taxes owed. JTD is claiming that if Coopers had completed its audit according to generally accepted auditing standards, the fact that the taxes were not being paid would have been noticed and could have been rectified before the additional penalties and interest had accrued. Thus, the concept of negligence *per se* does not bar the claim for Coopers's professional malpractice.

■ Finally, Coopers argues that any breach of the contract was immaterial. The engagement letter between Coopers and JTD states that Coopers will review the internal control structure and notify JTD of deficiencies in the internal control structure. The testimony shows that Coopers was aware that the cash account had not been reconciled in several months. Coopers was also aware that approximately $1.7 million in checks payable to Society bank were outstanding at the time of the audit. Thus, a reasonable person could conclude that there was a significant deficiency in the control structure somewhere. Since reasonable minds could reach more than one conclusion, the trial court did not err in denying the motion for a directed verdict. The first assignment of error is overruled.

■ Coopers argues in the second assignment of error that the trial court erred in not granting its motion for a judgment notwithstanding the verdict. The foundation for this assignment is the same arguments made in the first assignment of error. A motion for judgment notwithstanding the verdict should be denied where there is substantial evidence to support the plaintiff's position upon which reasonable minds could differ. *Upshaw v. Cent. Foundry Div., Gen. Motors Corp.* (1992), 82 Ohio App.3d 636, 612 N.E.2d 1283. As was discussed above, there is substantial evidence to support JTD's position that Coopers was negligent in the performance of its professional duties. Reasonable minds could

conclude that if Coopers was not negligent, the problems with the payment of the taxes would have been discovered earlier, saving JTD the cost of penalties and interest. Thus, the trial court did not err in denying Cooper's motion for judgment notwithstanding the verdict. The second assignment of error is overruled.

In the third assignment of error, Coopers argues that the trial court erred in denying its motion for a new trial. The Ohio Supreme Court set forth the standard which the trial court is to apply in considering a motion for a new trial:

"[W]here there is a motion for a new trial upon the ground that the judgment is not sustained by sufficient evidence, a duty devolves upon the trial court to review the evidence adduced during the trial and to itself pass upon the credibility of the witnesses and the evidence in general. It is true that, in the first instance, it is the function of the jury to weigh the evidence, and the court may not usurp this function, but, when the court is considering a motion for a new trial upon the sufficiency of the evidence, it must then weigh the evidence. A court may not set aside a verdict upon the weight of the evidence upon a mere difference of opinion between the court and jury." *Poske v. Mergl* (1959), 169 Ohio St. 70, 73–74, 8 O.O.2d 36, 38, 157 N.E.2d 344, 347.

"A new trial will not be granted where the verdict is supported by competent, substantial and apparently credible evidence." *Verbon v. Pennese* (1982), 7 Ohio App.3d 182, 183, 454 N.E.2d 976, 978. The granting of a motion for a new trial is within the sound discretion of the trial court and will not be disturbed on review absent an abuse of discretion. *Id.*

Here, the testimony of JTD's expert was that the penalties and interest on the late tax payments could have been avoided if Cooper's auditors were diligent and had not violated the standard of care by failing to inquire into irregularities found. The trial court found that there was evidence to support the jury's findings. Given this evidence, the trial court did not abuse its discretion in denying the motion for a new trial. The third assignment of error is overruled.

Coopers claims in its fourth assignment of error that the trial court erred by not excluding prejudicial evidence. A trial court has broad discretion in determining the admissibility of evidence in any particular case. *Rigby v. Lake Cty.* (1991), 58 Ohio St.3d 269, 569 N.E.2d 1056. The judgment of the trial court will not be reversed absent an abuse of discretion. *Id.* Here, JTD sought to have a witness testify to new material not addressed during pretrial.[3] The result was that new amounts of damages were raised for the first time at trial, which

---

**3.** JTD offered Coopers the opportunity for a pretrial deposition of the witness, which was declined.

violated the local rules. Due to the alleged surprise, the trial court offered Coopers a continuance in order to review and prepare for the testimony or, if it preferred, a mistrial. Coopers declined both offers and chose to proceed with the trial without delay. By declining the remedies offered, Coopers made a tactical decision to waive its objections to the testimony. Since the trial court offered Coopers ample opportunity to prepare to cross-examine the witness and Coopers did cross-examine the witness, there was no abuse of discretion. The fourth assignment of error is overruled.

Coopers argues in the final assignment of error that the trial court erred by improperly instructing the jury on the comparative fault of JTD. The relevant portions of the jury instructions are as follows:

"In order for Plaintiff to recover damages against Coopers, you must find by a preponderance of the evidence that Coopers was negligent and that this negligence was a proximate cause for Plaintiff's damages. You may only award Plaintiff for actual monetary loss which you find from a preponderance of the evidence, and only for such actual loss that will reasonably compensate it for its damages sustained, as a proximate result of any act or omission on Cooper's part.

"You are not permitted to award speculative damages. The law deals in probabilities, not mere possibilities. A party that has been damaged has a duty to use reasonable efforts under all the circumstances to avoid the loss. Coopers claims that JTD was negligent itself in paying its taxes in an untimely manner. JTD was negligent if they failed to use ordinary care which a reasonably prudent person would use under the same or similar circumstances to pay payroll taxes to the IRS in a timely fashion. The negligence of JTD's employees and agents in this regard is to be considered the negligence of JTD itself. If you find that JTD was negligent, you must then determine whether, and to what extent, the negligence of JTD caused its own damages.

"In the evaluation of the extent of proximate cause of JTD's contributory negligence, you may consider whether JTD reasonably relied on Coopers to detect deficiencies in internal controls that led to the non-payment and late payment of payroll taxes in determining contributory negligence. It is for you to determine who is liable for the losses incurred by JTD, and to the extent that you find the damages were caused by the negligence of both parties, you shall determine the percentage of the negligence of the Plaintiff and the Defendant which directly and proximately caused the damages alleged. You are instructed that if you find that the hospital's negligence was greater than fifty percent (50%), the hospital does not recover any damages in this lawsuit. If you find that JTD was negligent, you will determine the amount of fault attributable to JTD in written questions. You will be given written questions called interrogatories. You must follow carefully the directions about how to proceed, because the

directions will tell you what questions to answer and whether to sign the general verdict for the Plaintiff or for the Defendant." Transcript at 808–809.

The trial court then submitted the following interrogatories to the jury: "1. Was Coopers negligent in the performance of its audit? 2. If so, was Coopers' negligence the proximate cause of damages to JTD? 3. Was JTD negligent? 4. If so, did JTD's own negligence proximately cause any damage to JTD? 5. If so, determine the percentage of negligence attributable to both JTD and Coopers." These interrogatories are substantially similar to those proposed by Coopers. Based upon the instructions given and the interrogatories answered, the jury was instructed to consider separately the negligence of both parties. Thus, the trial court did not erroneously instruct the jury and the fifth assignment of error is overruled.

The judgment of the Court of Common Pleas of Auglaize County is affirmed.

*Judgment affirmed.*

HADLEY and SHAW, JJ., concur.