O'DAY, APPELLEE, *v.* WEBB, APPELLANT.

(No. 71-209—Decided March 22, 1972.)

Messrs. *Adams, Wolske & Blue* and *Mr. Mark K. Merkle, Jr.,* for appellee.

Messrs. *Sebastian, Durst & Marsh* and *Mr. Rick E. Marsh,* for appellant.

SCHNEIDER, J.   The automobile accident giving rise to this case occurred on a privately-owned shopping center parking lot.   The situation can best be described by reference to the following diagram:

Defendant was proceeding at about 15 to 20 m. p. h., looking for a place to park.   She observed what she thought was a parking space, but which in fact was part of an intersecting traffic lane immediately perpendicular to her direction of travel.   She started to head into what she thought was a parking space and struck the right rear fender of plaintiff's automobile which was traveling from plaintiff's left to right on the intersecting lane.   There was no indication of any further damage to plaintiff's automobile.

Defendant admitted that she failed to see, not only plaintiff's vehicle until the impact, but also the word "STOP" clearly painted in large letters on the pavement at the end of her lane of travel.

Plaintiff's petition alleged negligence on the part of the defendant and sought recovery for personal injuries only. (A companion suit for expenses was filed by plaintiff's husband. It was not tried jointly and is not the subject of this appeal.) Defendant's answer admitted that a collision took place but denied all other matters.

At the close of all the evidence, plaintiff orally moved for a directed verdict "in regard to the negligence and proximate cause." (Since the argument on the motion was not recorded, it is not clear if plaintiff's counsel was asking for a directed verdict upon all the issues except damages.) The trial court overruled the motion and submitted the issues of negligence, contributory negligence and proximate cause to the jury which returned a general verdict, untested by interrogatories, for the defendant.

Thereafter, plaintiff moved for a new trial, which the trial court allowed upon the basis that as a matter of law defendant's negligence proximately caused the collision. But, in its written decision, the trial court further concluded that it had properly submitted the issue of contributory negligence to the jury "since the [sic] reasonable minds might reach different conclusions with regard to" that issue. (The trial judge's memorandum indicates that plaintiff timely objected to the submission of her contributory negligence to the jury. In any event, plaintiff did not cross-appeal the decision on that issue. Nor did the defendant appeal the trial court's conclusion that the "two-issue" rule did not apply to this case.)

In affirming the trial court, in a written opinion, the Court of Appeals stated, in part:

"Where there is a motion for a new trial, which involves consideration of the evidence, whether or not the motion is bottomed on the particularly phrased premise that the verdict is against the manifest weight of the evi-

dence, a duty devolves upon the trial court to review the evidence, weigh it, and pass upon the credibility of the witnesses. This, it is clear from the reading of its decision, the trial court did in the case here for review.

"...

"The motion for a new trial presented to the trial court required the exercise of sound discretion. The judgment of the trial court granting a new trial is reversible only upon a showing of abuse of that discretion. ..."

The court then found no abuse of discretion.

Since this statement is the crux of the appellate court's opinion, we allowed the motion to certify solely for the purpose of correcting a misreading on that court's part, or at best a misapplication to this case, of our decision in *Rohde* v. *Farmer* (1970), 23 Ohio St. 2d 82.

The immediate question on review of a trial court's ruling allowing a motion for a new trial is not what the "motion is bottomed on," but what that court has specified in writing as the cause for which the new trial was allowed pursuant to R. C. 2321.17, now superseded by Civ. R. 59. In the instant case, the trial judge expressly specified, in effect, that on reconsideration he had "erred in overruling plaintiff's motion [for a directed verdict] and submitting the issue of defendant's negligence to the jury."

It is not the law of Ohio that a motion for a new trial involving consideration of the evidence requires the trial court to weigh the evidence and pass upon credibility. As we made clear in the third sentence of the third paragraph of the syllabus in *Rohde* v. *Farmer*, *supra* (23 Ohio St. 2d 82), such duty devolves upon the trial court "in ruling on a motion for a new trial upon the basis of a claim that the judgment 'is not sustained by sufficient evidence. ...'" That phrase, the court said, at page 91 in the opinion, "is synonomous and interchangeable with the phrase 'against the weight of the evidence' or a like phrase."

The trial court having specified as its reason for granting a new trial its error in submitting defendant's negligence to the jury, the question on review before the ap-

pellate court was one of law. Thus, the second,* not the first, paragraph of the syllabus of *Rohde* v. *Farmer, supra* (23 Ohio St. 2d 82), applied, and the appellate court was charged with the duty of deciding whether, as a matter of law, the trial court erred in submitting the issue of defendant's negligence to the jury, or in correcting itself by granting a new trial at which that issue, instead of being submitted to the jury (assuming that the same evidence will be adduced), will be resolved against defendant by an instruction for a directed verdict.

Perhaps the confusion which apparently lingers on, even after *Rohde* v. *Farmer, supra* (23 Ohio St. 2d 82), stems from our omission to point out in that opinion that a review of the evidence is more often than not vital to the resolution of a question of law. But the fact that a question of law involves a consideration of the facts or the evidence does not turn it into a question of fact. Nor does that consideration involve the court in weighing the evidence or passing upon its credibility. See *Ace Steel Baling* v. *Porterfield* (1969), 19 Ohio St. 2d 137, 139, footnote 2.

For example, as in the instant case, a motion for directed verdict presents not factual issues but a question of law. *Michigan-Ohio-Indiana Coal Assn.* v. *Nigh* (1936), 131 Ohio St. 405.

Yet, in deciding such a motion, or a motion for judgment notwithstanding the verdict, it is necessary to review and consider the evidence. Indeed, deciding whether or not a charge shall be given, in contrast to deciding in the same case whether a charge is correctly stated, almost invariably requires a review and consideration of the evidence. See, for example, *State* v. *Nolton* (1969), 19 Ohio St. 2d 133.

Perhaps also, the confusion is compounded by the failure to recognize that the term "insufficient evidence" in-

---

*"Where a new trial is granted by a trial court, for reasons which involve no exercise of discretion but only a decision on a question of law, the order granting a new trial may be reversed upon the basis of a showing that the decision was erroneous as a matter of law."

volves one concept, namely weight of the evidence, when considering a motion for a new trial and quite another concept when a motion for directed verdict (or for judgment notwithstanding a verdict) or a motion for a jury instruction is under consideration.

For example, it is uncontestably the duty of a trial court to submit an essential issue to the jury when there is sufficient evidence, if believed, relating to that issue to permit reasonable minds to reach different conclusions on that issue. *Wever* v. *Hicks* (1967), 11 Ohio St. 2d 230; *Francis* v. *Bieber* (1967), 10 Ohio St. 2d 65, 69; *Biery* v. *Pennsylvania Rd. Co.* (1951), 156 Ohio St. 75; *Belshaw* v. *Agricultural Ins. Co.* (1948), 150 Ohio St. 49; *Bennett* v. *Sinclair Refining Co.* (1944), 144 Ohio St. 139. Conversely, it is also the duty of a trial court to withhold an essential issue from the jury when there *is not* sufficient evidence relating to that issue to permit reasonable minds to reach different conclusions on that issue. In other words, if all the evidence relating to an essential issue is sufficient to permit only a conclusion by reasonable minds against a party, after construing the evidence most favorably to that party, it is the duty of the trial court to instruct a finding or direct a verdict on that issue against that party. Naturally, if the finding on that one issue disposes of the whole case, a duty arises to grant judgment upon the whole case. *Peters* v. *B. & F. Transfer Co.* (1966), 7 Ohio St. 2d 143; *Hamden Lodge* v. *Ohio Fuel Gas Co.* (1934), 127 Ohio St. 469. See, also, *Helms* v. *American Legion, Inc.* (1966), 5 Ohio St. 2d 60; *Archer* v. *City of Port Clinton* (1966), 6 Ohio St. 2d 74.

In discharging any of these duties, or upon review of their discharge, a court is repeatedly called upon to consider, review and assess the evidence in the record. But questions relating to the failure to discharge those duties properly are questions of law, not of fact. This is what was meant by the first sentence of the third paragraph of the syllabus of *Rohde* v. *Farmer, supra* (23 Ohio St. 2d 82), which reads:

"There is a basic difference between the duty of a trial court to submit a case to the jury where 'reasonable minds' could differ and the right of a trial court to grant a new trial on the basis of its conclusion that the verdict is not 'sustained by sufficient evidence.' "

Thus, the question which the Court of Appeals should have considered is whether the trial judge should have submitted the issue of defendant's negligence to the jury.

We are of the opinion that he properly found defendant negligent as a matter of law in that she admitted her failure not only to observe the stop warning, the intersecting lane and the plaintiff's car, but to stop her automobile in time to avoid the collision.

As the trial court said in its memorandum decision allowing the motion for a new trial: "Such inattention to the surrounding circumstances when traveling at a speed of fifteen miles per hour in a shopping center cannot be that degree of care which a reasonably prudent person would exercise while operating a vehicle in a shopping center. Thus, the court concludes that reasonable minds would reach no other conclusion but that defendant was negligent and that the negligence was a proximate cause of the collision."

We agree with that resolution of the question of law involved and for that reason affirm the judgment of the Court of Appeals remanding the cause to the trial court for a new trial.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, LEACH and BROWN, JJ., concur.