ALLIS-CHALMERS CREDIT
CORPORATION, APPELLANT, *v.*
MAJESTIC STEEL SERVICE, INC.,
APPELLEE.

(No. 47158—Decided March 19, 1984.)

*Mr. William T. Hohmann,* for appellant.

*Mr. Kenneth J. Fisher,* for appellee.

CORRIGAN, P.J. This cause came on to be heard upon the pleadings and the transcript of the evidence and the record in the court of common pleas and was argued by counsel for the parties; and upon consideration, the court finds that the judgment must be reversed and the case remanded for the following reasons:

On January 21, 1982, plaintiff-appellant, Allis-Chalmers Credit Corporation, filed a complaint against defendant-appellee, Majestic Steel Service, Inc., alleging breach of two lease agreements. Following a trial to the court, judgment was rendered for plaintiff in the sum of $57,130.97. Eight days after entry of judgment defendant filed a motion for a new trial pursuant to Civ. R. 59. Within one month, the court granted the motion for a new trial, stating in its journal entry, "Motion for a new trial is granted. Set for trial at 9:00 A.M. 8-19-83."

Plaintiff-appellant filed a timely notice of appeal and asserts the following three assignments of error for our review:

"I. The court erred in granting defendant's motion for new trial, as: it is reversible error for a trial court, on motion for new trial, in accordance with Civil Rule 59, to vacate and set aside a properly entered judgment where:

"(A) The motion fails to state with particularity the grounds therefor, or operative facts in support thereof, by way of brief, affidavit, or a written statement of reasons in support of the motion as are required by Civil Rule 7(B) [motions], and Local Rule 11(B) of the Rules of the Court of Common Pleas, Cuyahoga County; and

"(B) The order of court granting said motion fails to specify in writing the grounds upon which said motion for new trial is granted, as is required by Rule 59.

"II. The court erred in its failure to award statutory interest on its original judgment, as: it is error for a trial court to fail to award interest at the statutory rate from the date the monies became due under a contract, as provided by R.C. § 1343.03, as the running of interest is not delayed because the debtor denies owing the debt.

"III. The court erred in its granting of a post-trial motion to bring in a third-party defendant, as:

"(A) A reading of the entire record indicates a high degree of probability that the trial court, after judgment has been entered, granted a motion for new trial for the purpose of enabling defendant to add a third-party defendant;

"(B) The motion fails to set forth the grounds with particularity as required by Rule 7(B) [motions] and implied by Rule 14(A) [third-party practice];

"(C) The claim set forth in the proposed third-party complaint does not arise because of, or out of, the same occurrence which gave rise to, the primary claim set forth in plaintiff's complaint."

Appellant argues in the second prong of his first assignment of error that the trial court erred in failing to set forth in writing its reasons for granting a new trial. We agree and find this issue dispositive of the entire appeal.

Civ. R. 59(A) expressly states that the trial court, in granting a motion for new trial, "* * * *shall specify in writing* the grounds upon which such new trial is granted." (Emphasis added.) Thus, the scope of review on appeal is controlled by the grounds specified by the trial court. *O'Day* v. *Webb* (1972), 29 Ohio St. 2d 215 [58 O.O.2d 424]. The said rule, incorporating the language of the repealed statute R.C. 2321.17, clearly spells out the mandatory duty of the trial judge to explain the basis for the decision granting the new trial. By failing to comply in the proper manner, the trial judge renders a real disservice to the parties as well as the reviewing court.

The Ohio Supreme Court recently decided an analogous case and held:

"When granting a motion for a new trial based on the contention that the verdict is not sustained by the weight of the evidence, the trial court must articulate the reasons for so doing in order to allow a reviewing court to determine whether the trial court abused its discretion in ordering a new trial." *Antal* v. *Olde Worlde Products* (1984), 9 Ohio St. 3d 144.

Since the trial court failed to comply with this mandate, the court reversed and remanded the case to the trial court with instructions to reconsider the motion for a new trial consistent with the court's opinion. Likewise, we reverse and remand to the trial court for reconsideration of appellee's motion for a new trial consistent with this opinion.

Accordingly, judgment reversed and remanded for further proceedings consistent herewith.

*Judgment reversed
and cause remanded.*

PRYATEL and ANN MCMANAMON, JJ., concur.