JOURNAL ENTRY AND OPINION
Appellant Cuyahoga Metropolitan Housing Authority (CMHA) appeals the trial court's denial of its motion for summary judgment arguing the action was barred by the statute of limitations. It also appeals the denial of its motions for directed verdict which argued Cheryl White failed to establish claims for breach of contract and promissory estoppel. At the trial, CMHA argued that appellee Cheryl White was an at-will employee, subject to termination for any reason or no reason.
CMHA presents the following errors for our review:
 I. THE COURT ERRED IN DENYING CMHA'S MOTION FOR DIRECTED VERDICT BECAUSE WHITE FAILED TO PROVE ALL OF THE ELEMENTS OF AN IMPLIED CONTRACT THAT ALTERED HER STATUS AS AN EMPLOYEE AT WILL.
 II. THE TRIAL COURT ERRED IN DENYING CMHA'S MOTION FOR DIRECTED VERDICT BECAUSE WHITE FAILED TO PROVE ALL ELEMENTS OF A PROMISSORY ESTOPPEL CLAIM.
 III. THE TRIAL COURT ERRED IN DENYING CMHA'S MOTION FOR SUMMARY JUDGMENT BECAUSE WHITE'S IMPLIED CONTRACT AND PROMISSORY ESTOPPEL CLAIMS WERE BARRED BY THE STATUTE OF LIMITATIONS.
Having reviewed the record and argument of the parties, we reverse and enter judgment for CMHA. The apposite facts follow.
Cheryl White began working as a typist for CMHA in 1976. CMHA promoted her three times before terminating her in 1989. During her employment, she served in various supervisory and managerial positions. In her last position, she served as a Section 8 Specialist. At no time during White's employment was her employment relationship governed by a written contract. CMHA, however, did have Administrative Orders which regulated the conditions of her employment. The orders contained a disclaimer explicitly stating that the orders did not represent a contract. White testified that she was aware of this provision and understood its meaning. In addition, White testified that no promises were made to her concerning the length of her employment.
During the middle of the 1980's, White was involved in three car accidents. She suffered injuries during these accidents which caused her to miss a number of days from work, sometimes for extended periods. She also missed time due to other illnesses or circumstances. On numerous occasions, she reported late to work. She received written reprimands regarding her absences and tardiness.
On November 1, 1989, CMHA notified White that she was terminated. The record is unclear as to the date when she received this letter. Through a letter from her attorney, dated November 13, 1989, White requested to appeal her dismissal. When a number of months had passed and White had not received notice of her hearing date, on May 21, 1990, her attorney sent a letter to CMHA asking for a hearing date. On January 31, 1991, no hearing having been scheduled, White's attorney sent another letter to CMHA requesting that a hearing be set.
A hearing date was set for July 10, 1992. However, this date, at the request of White's attorney, was postponed until August 13, 1992. Therefore, it was continued until August 25, 1992. The case was finally heard on December 16, 1992. While CMHA determined to uphold her termination, they never issued a written notice of their decision to White.
On August 13, 1996, White filed a complaint against CMHA alleging her termination breached an implied contract of employment. She also alleged that she relied to her detriment on promises made to her by CMHA. For these reasons, she alleged, the nature of her employment was altered and no longer constituted an at-will employment relationship.
The trial was scheduled for March 24, 1997, which White dismissed without' prejudice on that day. She re-filed her complaint on September 22, 1997. CMHA filed a motion for directed verdict and/or summary judgment on both counts of the complaint, which the trial court denied on January 28, 1998.
The case went to trial on March 9, 1998. At the end of the trial, CMHA renewed its statute of limitations defense by motion, which the trial court denied. CMHA also moved for a directed verdict for failure to establish the claims for breach of implied contract and promissory estoppel, which were denied.
The jury returned a verdict in White's favor in the amount of $150,000. The trial court entered judgment on the verdict on March 16, 1998. This appeal was filed by CMHA on April 14, 1998. A motion for prejudgment interest was granted on May 21, 1998.
CMHA's first assignment of error alleges the directed verdict should have been granted as White failed to prove her at-will employment had been altered. "A motion for a directed verdict * * * does not present factual issues, but a question of law, even though in deciding such motion, it is necessary to review and consider the evidence." Ruta v. Breckenridge-Remy Co. (1982),69 Ohio St.2d 66, 68, quoting O'Day v. Webb (1972), 29 Ohio St.2d 215.
This standard is the same for both a trial court and a court of appeals. Donaldson v. N. Trading Co. (1992), 82 Ohio App.3d 476,480. CMHA claims that White was an employee at-will and they could terminate her for any reason or no reason, at anytime. They argue there was no implied contract or promissory estoppel which transformed her employment relationship from employment at-will. White claims that the Administrative Orders were the basis of an implied contract and constituted a promise. Other than the Administrative Orders, White presented little or no evidence to support either of her claims. She presented no written contract and admitted that no one made any promises to her concerning the length of her employment. (Tr. 94-95.) In an almost identical case, also involving CMHA, this court ruled:
 "In such circumstances, `unless otherwise agreed, either party to an oral at-will agreement may terminate the employment relationship for any reason which is not contrary to law.'"
Kettler v. Cuyahoga Metropolitan Housing Authority (December 16, 1993), Cuyahoga App. No. 64475, unreported, 2, quoting Mers v.Dispatch Printing Co. (1985), 19 Ohio St.3d 100, 103 and Phung v.Waste Management, Inc. (1981), 23 Ohio St.3d 100.
We disagree with White's contention that CMHA mutually assented to alter the employment at-will relationship and did so through their published Administrative Orders. In Kettler, supra at 3, we found that the Administrative Orders of CMHA did not support the formation of an implied contract or promissory estoppel. White, in fact, admitted that the Administrative Orders expressly provide that they do not constitute an employment contract and that she understood this. (Tr. 97.) Where an employer's printed policies and procedures contain a written disclaimer, the finding that an employment relationship has been transformed to anything other than at-will is precluded. Wing v. Anchor Media Ltd. OffTexas (1991), 59 Ohio St.3d 108, 110. Therefore, the Administrative Orders of CMHA do not constitute a basis for an implied contract.
The Supreme Court of Ohio found other facts and circumstances which could be used as a basis for an implied employment contract in Wright v. Honda off Am. Mfg., Inc. (1995), 73 Ohio St.3d 571
could include:
 [e]vidence such as information contained in an Employee Handbook, oral representations made by supervisory personnel that employees have been promised job security in exchange for good performance, and written assurances reflecting company policy.
Id.
Other than the Administrative Orders, which contained the disclaimer of an employment contract, White presented no such evidence. Therefore, the first assignment of error is sustained.
The second assignment asserts the trial court erred in denying the directed verdict because White did not establish a promissory estoppel claim. White claims the Administrative Orders caused her to rely to her detriment, establishing a claim for promissory estoppel. In Kettler this court narrowed the necessary elements of promissory estoppel to:
 1. The employer must make a promise clear and unambiguous in its terms to the employee;
 2. The employee must rely on that promise to his detriment; and
 3. The reliance must be reasonable and foreseeable; and
 4. The employee must be injured by the reliance.
Supra at 3, citing Cohen Co. v. Mesina (1985), 24 Ohio App.3d 22,26. In determining if White has met each of these elements, we must distinguish her allegation that a promise of continued employment existed separate from her allegation of a promise that she would receive post termination review of her case through CMHA's grievance procedure.
In Wing, the Ohio Supreme Court described the nature of a promise that can give rise to a promissory estoppel exception to the employment at-will doctrine.
 Standing alone, praise with respect to job performance and discussion of future career development, will not modify the employment-at-will relationship. A demonstration of detrimental reliance on specific promises of job security can create an exception to the employment-at-will doctrine. (Emphasis added.)
Wing, 59 Ohio St.3d 108, 110, citing Mers v. Dispatch PrintingCo. (1985), 19 Ohio St.3d 100. The court went on to hold a promise of future benefits or opportunities without a specific promise of continued employment does not support a promissory estoppel exception to the well-established doctrine of employment-at-will. Id. at 110-111.
In the case sub judice, there is nothing in the record to demonstrate a specific promise of continued employment. White can only point to a promise of a future grievance review following her termination. The mere existence of a promise that White's termination will be reviewed through the grievance process does not amount to a promise of continued employment, altering the at-will relationship.
Having shown that White failed to demonstrate a promissory estoppel exception of employment at-will, we now consider whether White can prevail on her claim of detrimental reliance on the alleged promise that she would receive a decision through CMHA's grievance procedure. Kettler's elements of promissory estoppel must be reviewed in this context. The Administrative Order does include a clear and unambiguous promise that she would receive a hearing. It provides a hearing will be held within fifteen days of a request. It further provides they will issue findings of fact or conclusions regarding the outcome. White must now show she relied on these promised procedures to her detriment. This reliance must be reasonable and foreseeable. She must also show she was injured.
The only detriment White has claimed is that she was forced to hire four attorneys to process her grievance and that she incurred expenses as a result. White selected her own attorneys. These attorneys failed to vehemently pursue her right to a hearing. Her attorneys repeatedly continued the scheduled hearing dates. (Tr. 164-170.) CMHA cannot be held responsible for the actions of White's attorneys. This would not be reasonable or foreseeable. Moreover, White did not provide proof of the extent of her alleged injury. In summary, White's alleged attorneys' fees do not establish the existence of detrimental reliance that was reasonable and foreseeable in this case. Since she offered no proof of any other injury, her promissory estoppel claim must fail. The second assignment of error is sustained.
As this court has ruled that the trial court should have issued a directed verdict in favor of CMHA, we need not review its third assignment of error as it is now moot. The trial court's denial of CMHA's motion for a directed verdict is reversed. Judgment in favor of CMHA.
Judgment reversed.
This cause is reversed.
It is, therefore, considered that said appellant recover of said appellee their costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATTON, P.J., and KILBANE, J., CONCUR.
 __________________________________ PATRICIA ANN BLACKMON, JUDGE