[This opinion has been published in *Ohio Official Reports* at 89 Ohio St.3d 414.]

GLINER ET AL., APPELLANTS, *v*. SAINT-GOBAIN NORTON INDUSTRIAL
CERAMICS CORPORATION, APPELLEE.

[Cite as *Gliner v. Saint-Gobain Norton Indus. Ceramics Corp*.,
2000-Ohio-210.]

*Civil procedure—Motion for directed verdict—Civ.R. 50—Trial court's denial of*
*defendant's motion for directed verdict upheld, when.*

(No. 99-1444—Submitted May 23, 2000—Decided August 9, 2000.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 74055.

_____

{¶ 1} Appellants Marina Gliner, a product engineer, Betty Jane Nowac, an accounting manager, Randi Deluga, a cost accountant, and Wilma Joiner, a traffic manager, brought gender discrimination actions under R.C. 4112.02(A) against their former employer Saint-Gobain/Norton Industrial Ceramics Corporation ("Saint-Gobain"). Saint-Gobain is a French corporation headquartered in Paris, France, with multinational operations in Europe, Japan, and the United States.

{¶ 2} The case went to trial. The court of appeals' opinion summarized the evidence presented in ninety-seven pages of cogent and comprehensive prose, which we hereby incorporate by reference. See 1999 WL 380434. Upon the conclusion of the trial, the jury returned the following verdicts: (1) in favor of appellant Wilma Joiner on her pay discrimination claim for $20,000 in compensatory damages and $140,000 in punitive damages and in favor of Saint-Gobain on her discriminatory termination claim, (2) in favor of appellant Randi Deluga on her pay discrimination claim for $50,000 in compensatory damages and $100,000 in punitive damages, (3) in favor of appellant Marina Gliner on both her pay discrimination and discriminatory termination claims for $75,000 in compensatory damages and $200,000 in punitive damages, and (4) in favor of

appellant Betty Jane Nowac on both her pay discrimination and discriminatory termination claims for $50,000 in compensatory damages and $500,000 in punitive damages. The jury also found Saint-Gobain to be liable for appellants' attorney fees, which the trial court assessed at $175,000, based on a stipulation of the parties. The trial court ordered prejudgment interest on the compensatory damages awards, also based on a stipulation of the parties. On appeal, the court of appeals reversed the judgments in favor of appellants and entered judgment notwithstanding the verdicts in favor of Saint-Gobain on all claims.

{¶ 3} The cause is now before this court upon the allowance of a discretionary appeal.

_____

*Sindell, Young, Guidubaldi & Sucher* and *Steven A. Sindell*, for appellants.

*Spieth, Bell, McCurdy & Newell Co., L.P.A.,* and *Dianne Foley Hearey,* for appellee.

*Stewart Jaffy & Assoc. Co., L.P.A., Stewart R. Jaffy* and *Marc J. Jaffy*, urging reversal for *amicus curiae* Ohio AFL-CIO.

*Louis A. Jacobs; Spater, Gittes, Schulte & Kolman* and *Frederick M. Gittes*, urging reversal for *amici curiae* Ohio Employment Lawyers Association, Ohio Academy of Trial Lawyers, National Employees Rights Institute, and Ohio NOW Education & Legal Fund.

*Cathleen M. Bolek*, urging reversal for *amici curiae* Feminist Majority Foundation, Wider Opportunities for Women, Women Employed, and 9 to 5 National Association of Working Women.

*Betty D. Montgomery*, Attorney General, *Edward B. Foley*, State Solicitor, *Stephanie Bostos Demers* and *Matthew D. Miko*, Assistant Attorneys General, urging reversal for amicus curiae Ohio Civil Rights Commission.

_____

**PFEIFER, J.**

{¶ 4} Civ.R. 50(A)(4) provides that when a party moves for a directed verdict and "the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue." In this case, the trial court denied St. Gobain's motion for a directed verdict.

{¶ 5} The court of appeals, after a *de novo* review of the evidence, determined that reasonable minds could come to but one conclusion and found that the trial court erred by not granting a directed verdict for St. Gobain. We disagree as a matter of law.

{¶ 6} There is unquestionably significant evidence in the voluminous record before us that tends to show that Saint-Gobain did not act in a discriminatory manner. However, there is also ample evidence to enable reasonable minds to find for the appellants. Whether we would have found for appellants or for Saint-Gobain is immaterial; it is sufficient that there is adequate evidence for reasonable minds to find for either. *O'Day v. Webb* (1972), 29 Ohio St.2d 215, 58 O.O.2d 424, 280 N.E.2d 896, paragraph four of the syllabus; see *Pangle v. Joyce* (1996), 76 Ohio St.3d 389, 391, 667 N.E.2d 1202, 1203. Accordingly, the trial court ruled correctly and the court of appeals erred in reversing the trial court's denial of a motion for directed verdict. We reverse the judgment of the court of appeals and reinstate the jury verdicts.

*Judgment reversed*
*and jury verdicts reinstated.*

RESNICK and F.E. SWEENEY, JJ., concur.

DOUGLAS, J., concurs in judgment.

MOYER, C.J., COOK and LUNDBERG STRATTON, JJ., dissent.

---

**COOK, J., dissenting.**

{¶ 7} The majority decides that "there is  *  *  * ample evidence to enable reasonable minds to find for the appellants." But other than reciting the standard for directed verdicts from our *O'Day*[1] syllabus, the majority simply concludes, without elaboration, that the court of appeals erred when it deemed the evidence legally *insufficient* to permit appellants' gender discrimination claims to reach the jury.

{¶ 8} The majority discounts the thorough legal analysis by the court of appeals without any contrary analysis. In effect, the majority says here that a directed verdict may be granted against a party only if that party fails to present any evidence. To say this is to improperly insulate cases from review for legal sufficiency under Civ.R. 50. See *Reeves v. Sanderson Plumbing Products, Inc.* (2000), 530 U.S. ___, 120 S.Ct. 2097, 147 L.Ed.2d 105.

{¶ 9} The appellate panel found that the complexity of this case called for a ninety-seven-page opinion. In a very recent decision on the same general issue, the United States Supreme Court required fifteen pages to analyze the problem of applying Fed.R.Civ.P. 50 to discrimination cases that employ *McDonnell Douglas's*[2] burden-shifting analysis. *Reeves, supra.*

{¶ 10} Ohio follows federal jurisprudence in the area of discrimination law. *Little Forest Med. Ctr. of Akron v. Ohio Civ. Rights Comm.* (1991), 61 Ohio St.3d 607, 609-610, 575 N.E.2d 1164, 1167. See, also, *Plumbers & Steamfitters Joint Apprenticeship Commt. v. Ohio Civ. Rights Comm.* (1981), 66 Ohio St.2d 192, 196, 20 O.O.3d 200, 202-203, 421 N.E.2d 128, 131. In *Reeves, supra,* the United States Supreme Court established parameters for federal appellate courts reviewing the

---

1. *O'Day v. Webb* (1972), 29 Ohio St.2d 215, 58 O.O.2d 424, 280 N.E.2d 896.

2. *McDonnell Douglas Corp. v. Green* (1973), 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668.

application of Civ.R. 50 to *McDonnell Douglas* cases, and emphasized its determination *not* to "insulate an entire category of employment discrimination cases from review under Rule 50." *Reeves, supra,* 530 U.S. at ___, 120 S.Ct. at 2109, 147 L.Ed.2d at 120. This case deserves appropriate legal review under the recently announced *Reeves* standards.

**{¶ 11}** Given that the majority fails to counter the appellate court's legal analysis, I am unable to join the judgment to reverse.

MOYER, C.J., and LUNDBERG STRATTON, J., concur in the foregoing dissenting opinion.

_____