This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellants, Coldwell Banker Hunter Realty ("CBHR") and its agent, Joe Martin, have appealed the decision of the Summit County Court of Common Pleas, which denied appellants' motions for judgment on the pleadings and later granted a motion for a new trial to appellees, Barry and Shon Smith, after the trial court dismissed without prejudice appellees' case against appellants. This Court reverses.
 I.
{¶ 2} In May of 1996, appellees met with Martin at the CBHR office to select property to purchase, and upon which to build a home. After purchasing a lot located at 6714 Chinkapin Court in the Village of Oakwood, Ohio, appellees met with Martin about choosing a builder for their home. Appellees claim that Martin told them that he could locate a "reliable and responsible builder" and that Martin selected a builder named Savannah Construction for the construction of appellees' home. Appellees claim that they relied on appellants' choice for them and contracted with Savannah Construction as a result of that reliance. Appellees also claim that Martin assured them that appellants would oversee the construction process until their home was completed.
{¶ 3} Appellees claim that Savannah Construction proceeded to build their home in an unworkmanlike manner, failing to complete construction within the budget, honor warranties, or pay their subcontractors. Savannah Construction has filed for bankruptcy. Appellees further claim that appellants did not oversee the development process, contrary to their representations from which appellees claim they relied on in entering into the construction contract with Savannah Construction.
{¶ 4} On May 14, 1999, appellees filed suit against CBHR only for money damages arising out of the purchase and building of appellees' home. Appellees voluntarily dismissed the action. Four months later, on July 20, 2000, appellees filed another suit, the case at issue, this time against both CBHR and Martin. Count one of appellees' complaint alleged fraud and intentional misrepresentation against appellants for alleged statements made by Martin regarding (1) the competency of Savannah Construction, and (2) his promise to oversee the development process. Count two sought relief for the same conduct of appellants, only under the provisions of the Ohio Consumer Sales Practices Act. Appellees sought compensatory damages, treble damages, and attorney fees for their damages.
{¶ 5} Appellants filed a joint answer denying the allegations, and raised the affirmative defense of statute of limitations as to both counts in the complaint. On November 24, 2000, and December 28, 2000, appellants filed separate motions for partial judgment on the pleadings as to count two of the complaint. On August 6, 2001, the motions were denied and the case went to jury trial.
{¶ 6} On August 10, 2001, appellees presented their case-in-chief and, after which the trial judge, upon his own motion, dismissed appellees' complaint without prejudice pursuant to Civ.R. 41(B). The trial judge found that appellees had failed to provide evidence on all issues to their case, specifically that they had not presented the required evidence of diminution of fair market value damages along with their cost of repair damages.
{¶ 7} On August 24, 2001, appellees filed a motion for a new trial. All parties filed supporting briefs on the issue. On December 3, 2001, the trial court granted appellees' motion for a new trial, finding that appellees were not required to prove diminution of value in their case-in-chief.
{¶ 8} Appellants have timely appealed and set forth three assignments of error for review.
 II. THIRD ASSIGNMENT OF ERROR {¶ 9} "THE TRIAL COURT ERRED IN GRANTING THE PLAINTIFFS' MOTION FOR A NEW TRIAL, FINDING THAT THE PLAINTIFFS WERE NOT REQUIRED TO PROVE DIMINUTION IN FAIR MARKET VALUE DAMAGES."
{¶ 10} For ease of discussion, this Court will begin by addressing appellants' third assignment of error.
{¶ 11} In their third assignment of error, appellants assert that the trial court erred in granting appellees' motion for a new trial. Appellants specifically argue that the trial court erred in finding that appellees were not required to prove diminution in fair market value damages for their case. This Court agrees.
{¶ 12} When determining the proper standard of review for the grant of a new trial, this Court must look to the trial court's basis for granting the new trial. "Where a new trial is granted by a trial court, for reasons which involve no exercise of discretion but only a decision on a question of law, the order granting a new trial may be reversed upon the basis of a showing that the decision was erroneous as a matter of law." Rohde v. Farmer (1970), 23 Ohio St.2d 82, paragraph two of the syllabus. "The fact that a question of law involves a consideration of the facts or the evidence, does not turn it into a question of fact or raise a factual issue; nor does that consideration involve the court in weighing the evidence or passing upon its credibility." O'Day v. Webb
(1972), 29 Ohio St.2d 215, paragraph two of the syllabus.
{¶ 13} In the instant case, the trial court dismissed appellees' complaint upon its own motion, finding that the appellees failed to offer evidence on all of the issues that they were required to prove. Specifically, appellees failed to offer evidence of diminution in value to establish damages in their case. Appellees filed a motion for a new trial contesting the dismissal. The trial court granted appellees' motion and ordered a new trial, finding that appellees were not required to prove diminution of value in their case-in-chief.
{¶ 14} Appellants argue the order of a new trial was erroneous as a matter of law. They state that the trial court properly dismissed appellees' case for failure to prove diminution of value damages as required by law. Appellants cite to Bartholet v. Carolyn Riley Realty,Inc. (1998), 131 Ohio App.3d 23, 25, for the appropriate rule on damages applicable to this case. In that case, this Court stated the rule for injury to real property as follows:
 {¶ 15} "[T]he reasonable cost of restoration, plus the reasonable value of the use of the property between the time of the injury and the restoration, unless such cost of restoration exceeds the difference in the market value of the property as a whole before and after the injury, in which case the difference in the market value of the property as a whole before and after the injury becomes the measure." Id., quoting Ohio Collieries Co. v. Cocke (1923), 107 Ohio St. 238, paragraph five of the syllabus.
{¶ 16} In Bartholet, homeowners sued their realty agent for fraud in misrepresenting or concealing basement water problems in the house they purchased. The trial court found the realty agent liable and awarded the Bartholets $28,250.00 in compensatory damages. On appeal, this Court found that the trial court erred in awarding the restoration costs as damages without considering diminution in value of the property.Bartholet, 131 Ohio App.3d at 27. This Court stated:
 {¶ 17} "As a matter of law, diminution in the value of real property is a limiting factor on the damage award for the injury to that property. * * * Even when an award somewhat higher than the diminution in value of the property might be appropriate, the restoration costs awarded must not be grossly disproportionate expenditures." (Citations omitted.) Id.
{¶ 18} After careful review of the entire record, this Court finds that the Bartholet rule governs the present case. Appellees only presented evidence of repair costs at trial, without any evidence of diminution in value damages as a result of the house construction defects. Furthermore, appellees' repair costs totaled $67,000.00, almost one-half of the house's purchase price of $140,300.00. In light of these facts coupled with the Bartholet opinion, this Court finds that the trial court erred in granting appellees' motion for a new trial after appellees' complaint was properly dismissed for failure to present evidence of diminution in value to determine a damages award at trial.
{¶ 19} Appellants' third assignment of error is sustained.
 FIRST ASSIGNMENT OF ERROR {¶ 20} "THE TRIAL COURT ERRED IN DENYING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS, IN WHICH DEFENDANTS SHOWED THAT REAL ESTATE TRANSACTIONS SUCH AS IN THE CASE AT BAR DO NOT COME WITHIN THE PROVISIONS OF THE CONSUMER SALES PRACTICES ACT. THE TRIAL COURT ERRED IN NOT HONORING THE FUNDAMENTAL DOCTRINE OF STARE DECISIS."
 SECOND ASSIGNMENT OF ERROR {¶ 21} "THE TRIAL COURT ERRED IN DENYING DEFENDANTS' MOTIONS FOR JUDGMENT ON THE PLEADINGS, IN WHICH DEFENDANTS DEMONSTRATED COUNT 2 OF THE COMPLAINT WAS TIME-BARRED BY THE 2-YEAR STATUTE OF LIMITATIONS GOVERNING CONSUMER SALES PRACTICES ACT CLAIMS."
{¶ 22} Appellants' first and second assignments of error will be combined for ease of discussion.
{¶ 23} In their first assignment of error, appellants assert that the trial court erred in denying appellants' motions for judgment on the pleadings. Appellants specifically argue that the real estate transactions at issue in this case do not come within the provisions of the Consumer Sales Practices Act.
{¶ 24} Appellants also assert in their second assignment of error that the trial court erred in denying appellants' motions for judgment on the pleadings because they demonstrated that count 2 of appellees' complaint was time-barred by the 2-year statute of limitations governing Consumer Sales Practices Act claims.
{¶ 25} Given this Court's resolution of appellant's third assignment of error, appellants' first and second assignments of error are subsequently moot.
 III.
{¶ 26} Accordingly, appellants' third assignment of error is sustained. The judgment of the trial court is reversed.
BAIRD, P.J., WHITMORE, J. CONCUR.