{¶ 32} I concur in judgment only with the disposition of the first assignment of error because I disagree with the standard of review that it utilizes. Interpretation of an unambiguous contract presents us with a question of law, which we review on a de novo basis. Alexander v. BuckeyePipe Line Co. (1978), 53 Ohio St.2d 241, 374 N.E.2d 146, paragraph one of the syllabus. Moreover, the necessity that a question of law involves consideration of the facts or evidence does not turn it into a question of fact. See, Ruta v. Breckenbridge-Remy Co. (1982), 69 Ohio St.2d 66,68, 430 N.E.2d 935 and O'Day v. Webb (1972), 29 Ohio St.2d 215, 219,280 N.E.2d 896. The trial court recognized this premise when it placed its decision on the nature of the contract under its conclusions of law, rather than its finding of fact. See, also, Broadnax v. Greene CreditService (Jan. 15, 1997), C.A.6 No. 95-3829 (utilizing a de novo standard when reviewing whether the trial court erred in categorizing a debt as a commercial obligation, as opposed to a consumer debt, under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.).
{¶ 33} In all other aspects, I concur in judgment and opinion.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that MKB Leasing Corporation recover of Appellants costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Marietta Municipal Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Abele, P.J.: Concurs In Judgment Only.
Harsha, J.: Concurs in Judgment Only With Opinion as to Assignment Of Error I Concurs in Judgment and Opinion as to Assignments of Error II and III.