DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal of the January 23, 2004 judgment of the Lucas County Court of Common Pleas, which, following a jury trial, entered judgment in favor of appellee, Suresh M. Dasani, M.D. For the reasons that follow, we affirm the trial court's judgment and we deny appellee's motion for attorney's fees.
 {¶ 2} On January 1, 2002, appellant, Pamela S. Kassmakis, as the representative of the estate of her husband, Joe Kassmakis, filed a wrongful death complaint alleging that appellee's negligence in his medical treatment of Mr. Kassmakis proximately caused his death. Mr. Kassmakis, a 37 year-old over-the-road truck driver, died on January 8, 2001 due to a heart attack.
 {¶ 3} A trial on the matter commenced on January 5, 2004. The evidence before us[1] reveals that Mr. Kassmakis first sought treatment from appellee on May 12, 2000. Appellee treated Mr. Kassmakis for bumps on his thighs; he was subsequently diagnosed with diabetes. Mr. Kassmakis was overweight, smoked, and had an elevated triglyceride level. He did not complain of shortness of breath and had no documented family history of heart disease. According to the testimony presented, an elevated triglyceride level may have been the result of his diabetes.
 {¶ 4} The autopsy performed on Mr. Kassmakis revealed that he had cardiovascular disease and that it had been present for some time. Appellant's theory was that appellee, due to the risk factors that Mr. Kassmakis demonstrated, should have taken steps to diagnose his heart condition.
 {¶ 5} During trial, appellee presented the videotape deposition of Bruce F. Waller, M.D. Dr. Waller, a cardiologist and internal medicine specialist, testified that he was familiar with the accepted standards of care of family practice physicians relating to matters involving the heart. Dr. Waller expressed the opinion that appellee, a family practice physician, complied with the accepted standards of care in his treatment of Mr. Kassmakis. Dr. Waller testified that based upon Mr. Kassmakis's symptoms, appellee had no indication that Kassmakis had coronary artery disease.
 {¶ 6} At the conclusion of appellee's case, appellant made a motion for a directed verdict. Appellant argued that the standard of care testimony was insufficient because Dr. Waller was not qualified to testify as to the standard of care of a family practitioner. The trial court denied the motion; thereafter, the jury returned a verdict in favor of appellee. This appeal followed.
 {¶ 7} Appellant now raises the following assignment of error:
 {¶ 8} "The trial court erred in denying the motion of the plaintiff for a directed verdict upon the conclusion of the defendant's case on the grounds that the evidence presented by the defendant in regard to standard of care was insufficient."
 {¶ 9} In general, a party is entitled to a directed verdict if, construing the evidence in a light most favorable to the nonmoving party, reasonable minds can come to but one conclusion upon the evidence submitted as to any determinative issue, and the conclusion is in favor of the moving party. Civ.R. 50(A)(4). "If there is substantial, competent evidence to support the nonmoving party, upon which evidence reasonable minds could reach different conclusions, the motion for a directed verdict must be denied." Potocnik v. Sifco Industries, Inc. (1995),103 Ohio App.3d 560, 568, citing Strother v. Hutchinson (1981),67 Ohio St.2d 282. In reviewing a motion for a directed verdict, the trial court does not assess the credibility of witnesses or weigh the evidence, but rather, reviews and considers the sufficiency of evidence as a matter of law. Ruta v. Breckenridge-Remy Co.
(1982), 69 Ohio St.2d 66, 68, quoting O'Day v. Webb (1972),29 Ohio St.2d 215, paragraph three of the syllabus. Because a motion for a directed verdict presents a question of law, an appellate court must conduct a de novo review of the trial court's judgment. Howell v. Dayton Power Light Co. (1995),102 Ohio App.3d 6, 13.
 {¶ 10} Upon review of the evidence before us, we find that Dr. Waller's testimony, if believed, supports a finding in favor of appellee. As set forth above, Dr. Waller stated that to a reasonable degree of medical certainty, appellee complied with the accepted standards of care for a family practice physician in his treatment of Mr. Kassmakis.
 {¶ 11} Appellant contends that appellee's evidence was insufficient because Dr. Waller, a cardiologist, was not competent to testify as to the standard of care of a family practice physician. In support of her argument, appellant citesConrad-Hutsell v. Colturi, 6th Dist. No. L-01-1227, 2002-Ohio-2632. In Conrad-Hutsell, the trial court, following an objection by defense counsel, precluded appellant's expert witness, a family practice physician, from testifying as to the standard of care of a gastroenterologist. This court affirmed the portion of the ruling which precluded the expert from testifying as to the appropriateness of narcotics in treating Crohn's disease. Id. at ¶ 35. In reaching this decision, we noted that no evidence was presented to demonstrate that the expert had any specialized training as to Crohn's disease. Id.
 {¶ 12} In this case, unlike Conrad-Hutsell, Dr. Waller testified as to his familiarity with the standards of care of family practice physicians. Further, at issue in this case is whether appellee complied with the appropriate standard of care in relation to Mr. Kassmakis's undiagnosed heart condition. Dr. Waller testified at length as to his knowledge and expertise in this area. Thereafter, it was the jury's role was to assess Dr. Waller's credibility.
 {¶ 13} Most significantly, however, is the fact that appellant never objected to Dr. Waller's testimony. Evid.R. 103(A) provides:
 {¶ 14} "Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and
 {¶ 15} "(1) Objection. In case the ruling is one admitting evidence, a timely objection or motion to strike appears of record stating the specific ground of objection, if the specific ground was not apparent from the context; * * *."
 {¶ 16} Additionally, in cases involving the admission of videotape testimony at trial, Ohio courts have held that "[o]bjections to videotaped testimony must be made before trial or prior to actual presentation to the jury. Failure to do so constitutes a waiver of any errors relating to the admission of the testimony." Safkow v. Scheiben, 7th Dist. No. 99 CO 79, 2001-Ohio-3255, ¶ 20, citing Vargo v. Travelers Ins. Co.
(1987), 34 Ohio St.3d 27, 32; Sommer v. Conrad (1999),134 Ohio App.3d 291, 298.
 {¶ 17} Based on the foregoing, we find that the trial court did not err in denying appellant's motion for a directed verdict. Appellant's sole assignment of error is not well-taken and is denied.
 {¶ 18} Appellee has filed a motion for attorney's fees with regard to this appeal. We do not believe this appeal is frivolous as set forth in App.R. 23. The cases appellee cites in support,Gronvall v. Petersen (Dec. 29, 1995), 6th Dist. No. OT-95-035 and Tri-State Truck Equip. Sales v. Cepeda (Nov. 6, 1992), 6th Dist. No. 91WM000010, are distinguishable. In Gronvall, the appellant filed multiple appeals, failed to raise a particular argument, and raised arguments which were barred by res judicata. It is apparent from the Gronvall facts that the appellant was attempting to delay this court's initial judgment for specific performance. Likewise, in Tri-State Truck, the appellant, in an attempt to avoid the sale of certain motor vehicles, raised a multitude of assignments of error which this court concluded "were not only specious but absurd."
 {¶ 19} In this case, though ultimately unsuccessful, appellant raised a clear argument and supported the argument with case law. Accordingly, we find that appellee's motion is not well-taken and is denied.
 {¶ 20} On consideration whereof, we find that substantial justice was done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. We further find that appellee's motion for attorney's fees is not well-taken and is denied. Pursuant to App.R. 24, appellant is required to pay the court costs of this appeal.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, P.J., Singer, J., Pietrykowski, J., concur.
[1] Appellant did not submit a complete trial transcript.