DECISION AND JUDGMENT ENTRY
{¶ 1} The Estate of David Pollock ("Appellant") appeals the judgment of the Highland County Court of Common Pleas awarding Associated Public Adjusters, Inc. ("Appellee") the sum of $ 380.00, plus interest and court costs. The Appellant contends that the trial court improperly determined that it had not pierced the corporate veil of the Appellee. The Appellant also argues that the trial court erred when it granted a directed verdict dismissing Mr. Malloy as an individual defendant. Because we find that the *Page 2 
Appellant's assertions are not supported by substantial competent evidence, we affirm the judgment of the trial court.
 I. Facts {¶ 2} On February 19, 1996, fire damaged the home shared by David Pollock and Mary Neal. The Appellant contends that both Mr. Pollock and Ms. Neal were mentally disabled, and Mr. Pollock was also physically disabled at the time of the fire. Mr. Pollock and Ms. Neal had a policy of insurance for fire loss through Auto-Owners Insurance Company ("Auto-Owners"). Auto-Owners hired GAB Services ("GAB") to adjust the claim on their behalf.
 {¶ 3} Shortly after the fire, Goldie Pollock contacted John Malloy on behalf of her son, David Pollock, and Mary Neal. Mr. Malloy is a licensed public insurance adjuster. Mr. Malloy is the sole owner of Associated Public Adjusters, Inc., the Appellee herein. Mr. Malloy is likewise the Appellee's only employee. Mr. Malloy met with Goldie Pollock, David Pollock, and Mary Neal shortly after Goldie Pollock contacted him in order to review the circumstances surrounding their loss. At this meeting, Mr. Malloy also discussed the services Associated Public Adjusters would provide, and the costs involved. *Page 3 
 {¶ 4} On February 26, 1996, David Pollock and Mary Neal executed a claim assignment and a fee agreement with Associated Public Adjusters, Inc. The fee agreement provided for a fee of ten percent of the gross amount of loss when determined and paid. Mr. Malloy signed the contract on behalf of Associated Public Adjusters, in a representative capacity. Immediately thereafter, Mr. Malloy sent a letter to GAB, attaching the assignment executed by David Pollock and Mary Neal, as well as his state adjuster's license.
 {¶ 5} The Appellee adjusted the claim and prepared all statements and the proof of loss in a timely manner. David Pollock and Mary Neal endorsed all of the checks that included the Appellee as a payee. The Appellee's name appeared on the checks because of the claim assignment that David Pollock and Mary Neal executed, which authorized the insurance company to place the Appellee's name on the check. David Pollock and Mary Neal were presented with a series of drafts from Auto-Owners; they signed each of the drafts containing the Appellee as a payee. All claims were submitted on behalf of the Appellee.
 {¶ 6} On January 16, 1997, David Pollock and Mary Neal filed a complaint against Associated Public Adjusters, Inc., and John Malloy, jointly and severally, for violations of the Consumer Sales Practice Act and *Page 4 
the Home Solicitations Act. Associated Public Adjusters filed an answer and a counterclaim. David Pollock died on December 5, 2001, and on June 12, 2002, Robert McMurray, Executor of the Estate of David Pollock, was substituted as plaintiff in his place. A jury trial took place on October 31 and November 1, 2005. Associated Public Adjusters' counterclaim was amended during trial to $ 380.00. Mary Neal was also dismissed as a counter-defendant during trial. At the close of evidence, the trial court granted a directed verdict dismissing John Malloy individually as a defendant.
 {¶ 7} On November 2, 2005, the trial court entered a general verdict in favor of Associated Public Adjusters, Inc., and against the Estate of David Pollock on Associated Public Adjusters' counterclaim in the amount of $ 380.00. On December 14, 2005, the Estate of David Pollock filed a motion for a new trial. On February 21, 2006, the trial court denied the motion. The Estate of David Pollock now appeals the trial court's determination, asserting the following assignments of error:
 {¶ 8} 1. THE TRIAL COURT ERRED TO THE DETRIMENT OF THE PLAINTIFF IN DECIDING THAT PLAINTIFFS HAD NOT PIERCED THE CORPORATE VEIL.
 {¶ 9} 2. THE TRIAL COURT ERRED TO THE DETRIMENT OF THE PLAINTIFF BY GRANTING A DIRECTED VERDICT FOR THE DEFENDANT JOHN MALLOY INDIVIDUALLY. *Page 5 
 II. Argument {¶ 10} For ease of analysis, we will address the Appellant's first and second assignments of error jointly. In its first assignment of error, the Appellant contends that the trial court erred when it determined that the Appellant had not pierced the corporate veil of the Appellee. In its second assignment of error, the Appellant contends that the trial court erred when it granted a directed verdict dismissing John Malloy individually as a defendant.
 {¶ 11} Pursuant to Civ.R. 50(A)(1), a party may move for a directed verdict on the opponent's opening statement, at the close of opponent's evidence, or at the close of all evidence. Civ.R. 50(A)(4) sets forth when a trial court may direct a verdict:
 When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue.
 {¶ 12} "A motion for a directed verdict * * * does not present factual issues, but a question of law, even though in deciding such a motion, it is necessary to review and consider the evidence." Wright v. SuzukiMotor Corp., Meigs App. Nos. 03CA2, 03CA3, and 03CA4, 2005-Ohio-3494, at ¶ *Page 6 
95, citing O'Day v. Webb (1972), 29 Ohio St.2d 215, 280 N.E.2d 896, paragraph three of the syllabus; see, also, Wagner v. RocheLaboratories (1996), 77 Ohio St.3d 116, 119, 671 N.E.2d 252. Because we are presented with a question of law, we apply a de novo standard of review. See Wright, supra, citing Goodyear Tire Rubber Co. v. AetnaCas. Sur. Co. (2002), 95 Ohio St.3d 512, 514, 769 N.E.2d 835;Cleveland Elec. Illum. Co. v. Pub. Util. Comm. (1996),76 Ohio St.3d 521, 523, 668 N.E.2d 889.
 {¶ 13} When a trial court rules on a directed verdict motion, it must not consider either the weight of the evidence or witness credibility. See Texler v. D.O. Summers Cleaners Shirt Laundry Co. (1998),81 Ohio St.3d 677, 679-80, 693 N.E.2d 271; Wagner v. Roche Laboratories (1996),77 Ohio St.3d 116, 671 N.E.2d 287; Strother v. Hutchinson (1981),67 Ohio St.2d 282, 284, 423 N.E.2d 467. Instead, a directed verdict motion tests the legal sufficiency of the evidence. See Eldridge v. FirestoneTire Rubber Co. (1985), 24 Ohio App.3d 94, 96, 493 N.E.2d 293. "'[I]f there is substantial competent evidence to support the party against whom the motion is made, upon which evidence reasonable minds might reach different conclusions, the motion must be denied.'"Strother, 67 Ohio St.2d at 284-85, 423 N.E.2d 467, quoting Hawkins v.Ivy (1977), 50 Ohio St.2d 114, 115, 363 N.E.2d 367; see, also,Texler, supra. The Civ.R. 50(A)(4) *Page 7 
"reasonable minds" test "calls upon the court only to determine whether there exists any evidence of substantial probative value in support of [the nonmoving party's claims]." Wagner, 77 Ohio St.3d at 119-120, 671 N.E.2d 252; see, also, Texler, supra, at 679-80; Ruta v.Breckenridge-Remy Co. (1982), 69 Ohio St.2d 66, 68-69, 430 N.E.2d 935. Thus, a court considering a directed verdict motion must determine not whether one version of the facts is more persuasive than the other, but instead, must determine whether the trier of fact could reach only one result under the theories of law presented in the complaint. SeeEvans v. Dayton Power and Light Co., Adams App. No. 03CA763, 2004-Ohio-2183, citing Ramage v. Cent. Ohio Emergency Services,Inc. (1992), 64 Ohio St.3d 97, 109, 592 N.E.2d 828.
 {¶ 14} We must evaluate the directed verdict in the case sub judice in light of principles of corporate law, as the Appellant asserts that the trial court erred by failing to pierce the Appellee's corporate veil. A fundamental rule of corporate law is that normally, shareholders, officers, and directors are not liable for the debts of the corporation.Belvedere Condominium Unit Owners' Association v. R.E. Roark Companies,Inc. (1993), 67 Ohio St.3d 274, 287, 617 N.E.2d 1075. An exception to this rule was developed to protect creditors of a corporation from shareholders who use the corporate entity for criminal or fraudulent purposes. Id. "That a corporation is a legal *Page 8 
entity, apart from the natural persons who compose it, is a mere fiction, introduced for convenience in the transaction of its business, and of those who do business with it; but like every other fiction of the law, when urged to an intent and purpose not within its reason and policy, may be disregarded." State ex rel. Atty. Gen. v. Standard OilCo. (1892), 49 Ohio St. 137, 30 N.E. 279, paragraph one of the syllabus. Under this exception, the "veil" of the corporation can be "pierced" and individual shareholders held liable for corporate misdeeds when it would be unjust to allow the shareholders to hide behind the fiction of the corporate entity. Belvedere, supra, at 287.
 {¶ 15} Courts will permit individual shareholder liability only if the shareholder is indistinguishable from, or is the "alter ego," of the corporation itself. Id. The corporate form may be disregarded and individual shareholders held liable for corporate misdeeds only when (1) control over the corporation by those to be held liable was so complete that the corporation has no separate mind, will, or existence of its own; (2) control over the corporation by those to be held liable was exercised in such a manner as to commit fraud or an illegal act against the person seeking to disregard the corporate entity; and (3) injury or unjust loss resulted to the plaintiff from such control and wrong.Belvedere, supra, at 289. *Page 9 
 {¶ 16} While the Appellant contends that the trial court should have pierced the corporate veil and held Mr. Malloy individually liable for the actions he took on the part of the Appellee, the Appellant has not brought forward any evidence to support that remedy. The Appellant contends that because Mr. Malloy is the sole stockholder of the Appellee, that he is liable. Courts, however, are not justified in disregarding a separate corporate entity simply because all of the stock of the corporation is owned by one person. See LeRoux's Billyle SupperClub v. Ma (1991), 77 Ohio App.3d 417, 602 N.E.2d 685. The Appellant has offered no evidence that, aside from owning all of the stock of the Appellee, Mr. Malloy operated Associated Public Adjusters in such a way that the corporation had no separate mind, will, or existence of its own. Mr. Malloy maintained corporate formalities at all times. There was no evidence presented that he misused corporate funds in any way or commingled corporate funds with his personal accounts. There was also no evidence presented regarding a lack of corporate records for Associated Public Adjusters. Likewise, the Appellant introduced no evidence that Mr. Malloy used Associated Public Adjusters to commit fraud against Mr. Pollock. While the Appellant makes that assertion, it does not support the assertion with any facts or other evidence. In light of these findings, we find that there is not substantial competent evidence upon *Page 10 
which reasonable minds might reach different conclusions in the case sub judice.
 III. Conclusion {¶ 17} Because there is not substantial competent evidence to support the Appellant's assertions that the trial court should have pierced the corporate veil and held Mr. Malloy individually liable, we overrule the Appellant's first and second assignments of error. Accordingly, we affirm the judgment of the trial court.
 JUDGMENT AFFIRMED. *Page 11 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Highland County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J.: Concurs in Judgment and Opinion. Kline, J.: Dissents.
 Matthew W. McFarland Presiding Judge *Page 1