{¶ 40} Because there are issues of fact that preclude a directed verdict in favor of appellee, I respectfully dissent from the majority opinion. *Page 15 
 {¶ 41} Although the majority opinion identifies the correct standard for reviewing the grant of a directed verdict, the majority does not apply that standard. Pursuant to Civ. R. 50(A)(4), a motion for directed verdict can be granted on the evidence when, after construing the evidence most strongly in favor of the party against whom the motion is directed, reasonable minds can come to but one conclusion upon the evidence submitted, and that conclusion is adverse to such party on any determinative issue. Groob v. KeyBank, 108 Ohio St.3d 348, 350,2006-Ohio-1189. "`A motion for directed verdict * * * does not present factual issues, but a question of law, even though in deciding such a motion, it is necessary to review and consider the evidence.'"Goodyear Tire and Rubber Co. v. Aetna Cas. and Surety Co.,95 Ohio St.3d 512, 2002-Ohio-2842, at ¶ 4, quoting O'Day v. Webb (1972),29 Ohio St.2d 215, at paragraph three of the syllabus. Although this analysis requires a court to review and consider the sufficiency of the evidence, the court does not weigh the evidence or try the credibility of the witnesses. Miller v. Lindsey-Green, Inc., Franklin App. No. 04AP-848,2005-Ohio-6366, at ¶ 52. See, also, Malone v. Courtyard by MarriottLP (1996), 74 Ohio St.3d 440, 445 ("[T]he court is confronted solely with a question of law: Was there sufficient material evidence presented at trial on this issue to create a factual question for the jury?").
 {¶ 42} I agree with the majority that the central issue in this case is whether the trial court erred in determining as a matter of law that Officer Tucker had probable cause to arrest appellant. The majority concedes that the issue of probable cause ordinarily involves a question of fact to be resolved by the trier of fact. Here, the record demonstrates a clear issue of fact on the issue of probable cause.
 {¶ 43} Only two witnesses testified in appellant's case — appellant and Pamela Mardis. Both appellant and Ms. Mardis testified that Officer Tucker confronted appellant *Page 16 
in the Kroger store and told appellant that the health code required appellant to wear shoes. According to appellant, he barely had time to respond to her assertion when Officer Tucker took him by the arm and escorted him out of the store. Appellant testified that his conversation with Officer Tucker inside the store lasted 45 seconds. There is no evidence in the record that appellant refused to leave the store.
 {¶ 44} Once outside the store, appellant and Officer Tucker continued their discussion regarding whether or not the health code required appellant to wear shoes in the store. Appellant testified that at some point during this ongoing discussion, Officer Tucker ordered him to leave the sidewalk in the front of the store and parking lot. Significantly, appellant stated that he attempted to comply with Officer Tucker's request. He and Officer Tucker walked to his car. The car door was open and appellant had his keys in his hand when he turned back to Officer Tucker and told her that she was making a serious mistake. At that point, Officer Tucker arrested appellant. Construing the evidence most strongly in favor of appellant, there is at least a material issue of fact regarding whether Officer Tucker had probable cause to arrest appellant under these circumstances. Accordingly, I would sustain appellant's first assignment of error and remand this case for further proceedings. Therefore, I respectfully dissent from the majority opinion. *Page 1